**Albert FAUSETT, Trustee, Appellant,**

v.

**Jack MURNER, d/b/a Murner's Refrigeration Service, Appellee.**

No. 25842.

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1968.

Richard M. Nichols, Macon, Ga., for appellant.

L. Z. Dozier, Macon, Ga., for appellee.

Before WISDOM and AINSWORTH, Circuit Judges, and JOHNSON, District Judge.

AINSWORTH, Circuit Judge:

The Trustee has appealed the District Court's decision reversing an order of the Referee in Bankruptcy and allowing a secured creditor to file an amended claim in a Chapter XIII bankruptcy proceeding [1] approximately one month beyond the six-month statutory period. [2]

On July 12, 1965, the wage earner, A. C. Smith, filed a petition under Chapter XIII of the Bankruptcy Act, commonly known as the Wage Earners' Plan. He listed as one of his secured creditors General Electric Credit Corporation of Atlanta, which company had full recourse against appellee Jack Murner, d/b/a Murner's Refrigeration Service, its assignor of a debt in the sum of $407.96, the amount due by Smith on a stove. The wage earner submitted a plan showing that he proposed to pay General Electric the sum of $3.50 per week. General Electric was notified of the petition and plan and was further informed that the first meeting of the creditors would be held on August 16, 1966. General Electric failed to send a representative to attend. At the first meeting of the creditors, the Referee allowed the wage earner to modify his plan by increasing payments to General Electric to $6.10 weekly (the amount originally scheduled for payment through contractual arrangement with the debtor) in order that confirmation of the plan would be possible without the

1. Section 601 et seq. of the Bankruptcy Act, 11 U.S.C. § 1001 et seq.

2. Section 57(n) of the Act, 11 U.S.C. § 93 (n), provides in pertinent part, with stated exceptions, that "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed."

written acceptance of General Electric, a secured creditor.[3] General Electric did not file a proof of claim. Instead it exercised its right of full recourse against Murner in the latter part of October 1966, at which time Murner became aware for the first time of the debtor's petition. Despite this timely notice from General Electric, Murner did not file a formal proof of claim until March 14, 1967, approximately seven months after the first meeting of creditors and one month after the statutory period for the filing of such claims had expired. The Referee rejected the claim because of the delay in filing, and the share of money allocated for payment to Murner was divided among the other creditors.

The District Court in reversing the Referee directed him to allow Murner to file an "amended claim" and to participate in the plan as originally contemplated by the Referee and to cause the other creditors to be deferred until an amount equal to the excess payments they had received had been distributed to Murner in addition to current payments to Murner under the plan.

█ Section 57 of the Bankruptcy Act (11 U.S.C. § 93), relative to proof of claims, is applicable to Chapter XIII Wage Earner Plans.[4] Subsection (n) thereof requires, with noted exceptions not pertinent here, that proof of claim be filed within six months of the first creditors' meeting. The Trustee contends that these provisions have not been met and that the District Court erred in permitting Murner to file a claim beyond the six-month period.

The District Court, relying on Walsh v. Lockhart Associates, 5 Cir., 1964, 339 F.2d 417, cert. den., 380 U.S. 953, 85 S. Ct. 1085, 13 L.Ed.2d 970 (1965), and Fyne v. Atlas Supply Company, 4 Cir., 1957, 245 F.2d 107, allowed the filing of an amended claim.

In Walsh v. Lockhart Associates, supra, we affirmed the District Court which had upheld an order of the Referee granting leave for the late filing of a proof of claim. In that suit creditor appellees first learned of the bankruptcy proceedings after the six-month period had expired. Appellees had instituted a suit against the bankrupt in a Florida State Court for the collection of a note and the Trustee was served with process. Thereafter, on the very day the six months' filing period expired, the Trustee mailed to appellees an Application for Restraining Order and Notice of Hearing seeking to enjoin appellees from prosecuting their Florida State Court suit on the note. By this application, therefore, appellees first learned of the bankruptcy proceedings. In affirming the District Court, we held, 339 F.2d at 418:

> "*The knowing conduct* of the bankrupt, the trustee, his attorney and the Referee with respect to the obligation created by the note in question constituted recognition of a claim upon appellees' note and the presentment thereof, albeit informal, before the expiration of the six months filing period, and made the Referee's formal order granting leave to file the proof of claim tantamount to leave to file an amended claim within the contemplation of the statute." (Emphasis supplied.)

In Fyne v. Atlas Supply Company, supra, the Court of Appeals for the Fourth Circuit affirmed the District Court's order which allowed the late filing of a proof of claim. There the creditor had attended the first meeting of creditors. Also, his attorney had corresponded with the Trustee prior to the six-month expiration period. No timely proof of claim was filed because of the mistaken assumption by the attorney that his client's former attorney had taken care of the matter. In affirming

---

3. See In re Wilder, M.D.Ga., 1963, 225 F.Supp. 67.

4. 11 U.S.C. § 1002; 11 U.S.C. § 93(n); In re Maye, E.D.Va., 1958, 180 F.Supp. 43; In re Heger, Minn., 1959, 180 F.Supp. 147.

the District Court, the Fourth Circuit quoted the following language from the case of In re Brill, S.D.N.Y., 1931, 52 F. 2d 636, 638:

> "[I]f the court be informed by its own files of the existence, nature, and amount of a claim, then however defective may be the form in which the information is given, there is no bar; at least, the statute of limitations does not prevent the claim being entertained by the court if, in its discretion, it shall permit the proof of debt to be amended so as to meet the requirements as to form." (Emphasis supplied.)

While we recognize certain factual distinctions between the present case and *Walsh* and *Fyne*, supra, we agree with the District Court's analogy of those cases to the present one in finding that the modification of the wage earner plan constituted not only knowing conduct on the part of the Referee, but enabled the court to be informed by its own files of the existence, nature and amount of the claim, which justified the allowance of an amended claim. "Where there are enough facts appearing in the record to establish claim against the bankrupt, it may, in a proper case, be used as a basis for amendment." [5] We think this is such a case and that the statutory limitation under the circumstances here should be lifted. Here the equities are with appellee. The validity of the debt is unquestioned and the money for payment is available. No one —debtor, Trustee or the public—will be adversely affected by the District Court's order. Collier, in discussing proof and allowance of claims, recognizes that although Section 57(n) specifically establishes a time limitation on the filing of a claim, that "actual knowledge of the claim on the part of the trustee or even a receiver has, in the presence of persuasive reasons of equity, induced the courts to overlook the fact that a formal proof, in the technical sense, had not

been filed in time." The Collier Bankruptcy Manual, ¶ 57.06, p. 529.

We reaffirm our adherence to the statutory six-month requirement for the filing of proofs of claim. Nevertheless, we feel that the special circumstances of this case and the equitable nature of the claim justify the exercise of liberality in lifting the statutory ban.

Affirmed.

5. Cotton v. Bennett, 4 Cir., 1932, 59 F. 2d 373, 375; Fyne v. Atlas Supply Company, supra. See also In re Fant, W.D. S.C., 1927, 21 F.2d 182.