508 F.2d 412
 In the Matter of Jim UHLENHOPP a/k/a James K. Uhlenhopp
d/b/a Uhlenhopp Livestock Buying and Trucking, Bankrupt.
Roger JENSEN, Trustee, Appellant,
v.
Heinie UHLENHOPP, Appellee.
 No. 74-1409.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 10, 1974.
Decided Jan. 9, 1975.
 
 John L. Butler, Eldora, Iowa, for appellant.
 Michael W. Rickert, Reinbeck, Iowa, for appellee.
 Before LAY, BRIGHT and WEBSTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this appeal, Roger Jensen, as the trustee in the bankruptcy of Jim Uhlenhopp, contests an order of the referee in bankruptcy (now bankruptcy judge) entered on November 1, 1972, which the district court affirmed on April 3, 1974. The order in question directs that certain real property owned by the bankrupt and previously used by him in his livestock business be surrendered to Heinie Uhlenhopp, the father of the bankrupt, as the holder of a first mortgage lien on the premises to secure the sum of $45,000, due from the bankrupt on a promissory note. Upon a review of the record, we affirm the decision of the district court.
 
 
 2
 This controversy arises out of a transaction between father Heinie and son Jim in which the father sold his son the real property in question and secured the balance due on the sale price by a mortgage, evidenced by a promissory note, against the property. This transaction occurred in October of 1963. Subsequently, in 1965, the father assisted his son in obtaining an indemnity bond for a period of one year, a bond required for livestock dealers under the Packers and Stockyards Act, 7 U.S.C. 181 et seq. (1970). The father executed a bond application and entered into a written partnership agreement to engage in the livestock business with his son. The insurance company underwriting the bond insisted upon the partnership format as a condition of its issuance.
 
 
 3
 The son renewed this bond annually up to the bankruptcy in 1970, allegedly making renewals without his father's knowledge or consent. The trustee contended that the bankrupt son and his father held themselves out to creditors as partners and that the father should therefore be estopped from claiming any interest in partnership property ahead of the trustee acting on behalf of the creditors. The trustee raised other contentions, including the following:
 
 
 4
 1) The mortgage indebtedness, if any, owing by Jim to Heinie was based on an unwritten promise made in October of 1963, and thus became unenforceable after five years under the Iowa statute of limitations. The trustee alleges that the referee erred in permitting Heinie to amend his proof of claim in bankruptcy to show that the mortgage indebtedness was evidenced by a written note. (The limitations period applicable to a real estate mortgage note is 10 years, Iowa Code Ann. 614.1(5) (1974 Supp.), but the limitations period applicable to a debt represented by an unwritten promise to pay is five years, Iowa Code Ann. 614.1(4)).
 
 
 5
 2) Heinie did not establish that the indebtedness exceeded the fair market value of the property subject to the mortgage.
 
 
 6
 3) The indebtedness had been forgiven by Heinie.
 
 
 7
 4) Because Heinie released the lien on part of the real estate (the dwelling), that release operates as a discharge of the lien on the stockyards property as well.
 
 
 8
 5) Heinie should be estopped, under the doctrine of unclean hands, from claiming the property as against the trustee.
 
 
 9
 The referee found that Heinie was not in fact in partnership with his son and that Jim was not authorized to execute renewals of the livestock dealer's bond during years subsequent to 1965. The referee also rejected the trustee's challenge to the amount of the indebtedness and his contention that the debt was oral rather than written. The referee determined that the value of the real property subject to the mortgage was substantially less than the mortgage indebtedness and held that the facts did not give rise to an estoppel against Heinie asserting his secured claim. These determinations rest on substantial evidence in the record.
 
 
 10
 The assertion that the Iowa statute of limitations barred Heinie's claim is interrelated with the assertion that the referee committed error in permitting Heinie to amend his proof of claim by attaching the mortgage note of October 2, 1963, to the claim during the hearing. Heinie introduced evidence that the wrong note, one for $15,000, dated March 4, 1969, had been attached to the proof of claim form. Notwithstanding that the mortgage attached to the claim form did not specify the terms of any note evidencing the indebtedness but rather contained blank spaces where the terms of a note could be inserted, the mortgage form did not preclude the existence of a contemporaneously executed promissory note. Hence, we do not think that the referee committed any error in permitting the claimant, Heinie, to prove the existence of the actual mortgage note in lieu of another note which had been attached to the claim form in error. As the referee aptly noted in his memorandum, 'to deny the claimant, Heinie Uhlenhopp, permission to amend his claim because he forgot to append a note, and, in fact, appended the wrong note to his Proof of Claim form would be most inequitable and would be contrary to case law, including that of the Eighth Circuit.' We agree. See, e.g., In re Faulkner, 161 F. 900, 903-904 (8th Cir. 1908); accord, e.g., Sun Basin Lumber Co. v. United States, 432 F.2d 48, 49-50 (9th Cir. 1970); Fausett v. Murner, 402 F.2d 961, 963 (5th Cir. 1968); Fyne v. Atlas Supply Co., 245 F.2d 107, 108-109 (4th Cir. 1957); In re Lipman, 65 F.2d 366, 367-368 (2d Cir. 1933); In re Fant, 21 F.2d 182, 183-184 (W.D.S.C.1927). Compare Tarbell v. Crex Carpet Co., 90 F.2d 683, 685-686 (8th Cir. 1937). See generally 3 W. Collier, Bankruptcy P57.11 (14th ed. 1974).
 
 
 11
 The factual determinations of the referee, which the district court approved, are not clearly erroneous and no error of law appears in the record. Thus, we affirm for reasons enunciated in the referee's unpublished memorandum.
 
 
 12
 Affirmed.