In re **MODULAR ENGINEERING CORPORATION, Debtor.**

**Bankruptcy No. 82–02024–H1–5.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

April 24, 1984.

Jennifer Wilson, Houston, Tex., for Burke Energy Corp.

John O. Brentin, Houston, Tex., for debtor.

Jeffrey Sternklar, Houston, Tex., for Creditors' Committee.

MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

Burke Energy Corporation ("Burke") filed motion for leave to file proof of claim

after the bar date beyond which proofs of claim should not be filed had passed. Modular Engineering Corporation ("Modular"), debtor, and the official Creditors Committee objected to the relief requested by Burke. The following summary constitutes findings of fact and conclusions of law.

Modular had contracted on September 18, 1980, to construct for Burke a gas processing plant in Conway, Kansas. The work under that contract was primarily performed in 1980 and 1981. It is clear that controversies between Modular and Burke arose during the period that Modular was working on the project. A letter from Burke to the president of Modular on October 31, 1981, reminded Modular that it had promised that the plant would be ready for "start up" by October 23, 1981, and reminded Modular also that it had been delivered "copious written lists of work which is to be done to complete your construction obligation." On a date not reflected by the record Modular departed the job. Whether its full responsibilities under the construction contract had been performed is not the subject of this memorandum. It is sufficient to say that Modular claims that it is owed approximately 1.8 million dollars by Burke. After Modular made that claim Burke contended that Modular owes it approximately 1.875 million in actual damages and 5.6 million dollars in punitive damages.

Modular filed petition for order for relief under Chapter 11 of Title 11, United States Code, on July 19, 1982. Burke was not scheduled as a creditor of Modular and received no notice from the bankruptcy clerk that the petition in bankruptcy had been filed. However, Burke acknowledges that it had received actual knowledge that the bankruptcy case had been filed as early as February 19, 1983. On October 6, 1983, the bankruptcy judge entered a bar order, mandating that all entities or creditors who failed to file a proof of claim on or before November 10, 1983, were forever barred from asserting a claim against Modular, provided that Modular sent all creditors notice of the order on or before October 11, 1983. Modular did not send that bar order to Burke and Burke did not file proof of claim on or before November 10, 1983. Burke contends that it had no knowledge that the bar order had been entered until its representatives were checking the file in the office of the clerk in February 1984. At that point it filed its motion for leave to file proof of claim after the bar date had passed.

The reason why Burke was not scheduled by Modular as a creditor, contingent, contested, or otherwise, and the reason why Burke, after it had actual knowledge that the bankruptcy case was pending, took no action to preserve its interests are equally obscure. It is abundantly clear that Modular knew and had reason to know that Burke was making claim against it prior to the time that it filed its bankruptcy schedules. Debtor argues that its principal officers had no knowledge that Burke, by insisting on its right to audit the contract, might make some claim against it. Further debtor argues that its principal officers were convinced that Burke owed money to the debtor and that debtor owed nothing to Burke and therefore there was no reason to schedule Burke as a creditor. While the cognizant officers of Modular well might have been convinced as to the purity of its claim against Burke and that Burke's claim against it was spurious at best the fact remains that Burke had specifically notified representatives of Modular that it contended that it had suffered considerable damages. For instance, in Burke's letter of May 21, 1982, to the attorneys who had represented and filed the bankruptcy petition, Burke emphasized:

> "With respect to Modular's performance, it is apparent that you are not aware of the facts in the case. Modular intentionally breached its agreement in many regards, most damaging to us was its pulling off the job twice in the midst of start-up operations. This alone cost us considerable damage and additionally extended the start-up period to our severe financial detriment.

Further, Modular committed numerous acts of negligence in engineering, a professional service for which they were paid. These negligent engineering matters may well exceed the claim of Modular.

We insist on our right to audit the contract. Please read the language in the applicable portion of the contract. Among other matters we have been invoiced for escalation on a basis that does not comply with the escalator provision. If any amount is owed it cannot be determined until audit."

With that specific information any argument that debtor did not know nor have reason to know that Burke was making or might make a claim for money damages against Modular is frivolous.

Burke is at least equally responsible for creation of the existing situation. It conceded that by February 19, 1983 ... more than nine months prior to the bar date ... it had actual knowledge that Modular was proceeding under the protection of Chapter 11 of the Bankruptcy Code. It was charged with knowledge that its interest, if any, could be affected adversely by time limits and by other proceedings in the bankruptcy court. There are provisions in the Code and the Rules for special notice to be received by those requesting it of any proceedings in the case. Inexplicably Burke did nothing to insure that the clerks office would notify it of any orders setting time limits or of any other proceedings in the case. It blithely posits that since it was not scheduled as a creditor and did not receive the bar order from the clerk and had no actual knowledge that the bar order was entered its right to file its proof of claim after the bar date had passed is absolute, citing *New York v. New York N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953); *In re Moskowitz*, 35 B.R. 750 (D.C.S.D.N.Y.1983); and *In the Matter of Pine Associates, Inc.*, 35 B.R. 49 (Bkrtcy.D.Conn.1983).

I do not construe those cases as establishing an absolute right to an unscheduled creditor to "lie behind the log" and file a claim after the bar date has passed. I place the greater duty on the claimants. Here Burke knew or had reason to know that it was not scheduled by the debtor more than nine months prior to the bar date. Inquiry notice of the bar date should prevent allowance of a tardily filed claim. *See CBS Millworks Supply Inc.*, 21 B.R. 960, 963 (Bkrtcy.E.D.Penn.1982).

If there was nothing else in the record I would deny the motion by Burke for leave to file the proof of claim. However, I am persuaded that Burke has already presented its proof of claim and that the proposed filing is merely an amendment. In February 1983 Burke and Modular submitted their respective claims to arbitration. Although the pleadings in arbitration have not been filed in this case I am advised by the parties that Modular claims that Burke owes it approximately 1.8 million dollars on the contract and Burke claims damages and other setoffs totalling 2.4 million dollars. It is relevant to inquire as to whether those arbitration proceedings constitute a claim.

A proof of claim is defined at Rule 3001(a), Rules of Bankruptcy Procedure, as follows:

A proof of claim shall consist of a statement in writing setting forth a creditor's claim and ... shall be executed by the creditor or by his authorized agent. A proof of claim ... shall conform substantially to Official Form number 15.

Decisions under the Act required the presence of two elements in order for a proof of claim to be valid ... the proof of claim must be in writing which contains (1) a demand by the creditor on the debtor's estate and (2) an intent to hold the debtor liable for the debt. *Hoos and Company v. Dynamics Corporation of America*, 570 F.2d 433 (2nd Cir.1978); *In re Lipman*, 65 F.2d 366 (2nd Cir.1933); *In re Hotel St. James*, 65 F.2d 82 (9th Cir.1933).

The United States Court of Appeals for the Fifth Circuit has held that where there was knowledge of a creditor's claim before expiration of the six month period from the date of the first meeting of creditors, based

upon institution by the trustee of a suit in federal court to cancel the creditor's note, there was sufficient recognition of the creditor's claim upon which an amended claim could be based. *Walsh v. Lockhart,* 339 F.2d 417 (5th Cir.1964). *Accord: Fausett v. Murner,* 402 F.2d 961 (5th Cir.1968) ("... the modification of the wage-earner plan constituted not only knowing conduct on the part of the referee, but enabled the court to be informed by its own files of the existence, nature, and amount of the claim, which justified the allowance of the amended claim.") *See* also *In re Franciscan Vineyards, Inc.,* 597 F.2d 181 (9th Cir. 1979), cert. denied sub nom. *Grover, Trustee in Bankruptcy v. County of Napa,* 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980) ("the point simply is that there must have been presented, within the time limit, by or on behalf of the creditor, some written instrument which brings to the attention of the court the nature and amount of the claim.")

While informal proofs of claim have been held to be acceptable by the courts there also must be a proper filing in order for the claim to be deemed valid. Rule 3002(b), Bankruptcy Rules, mandates that a proof of claim or interest shall be filed in accordance with Rule 5005. Rule 5005, in turn, provides that proofs of claim or interest shall be filed with the clerk of the court in which the case under the Code is pending.[1] Rule 5005(b) reflects:

> (b) Error in Filing. A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice the court may order that the paper shall be deemed filed as of the date of its original delivery.

In *Hoos,* supra, *Walsh,* supra, and *Fausett,* supra, while no formal proof of claim had been timely filed there was evidence in the record before the court which put the court on notice of the nature of the creditor's claim. However, in the instant case there was nothing before the court which could have put the court on notice of the *Burke* claim. One court has treated the issue of the validity of an informal proof of claim where there is nothing before the court evidencing the claim within the requisite time period. In *In re Franciscan Vineyards, Inc.,* supra, the trustee objected on appeal to the district court's order permitting the County of Napa to file an amended proof of claim after the time for filing proofs of claim had elapsed. The trustee argued that (1) a letter sent by the county to the trustee was insufficient to qualify as a proof of claim which could be amended and (2) the sending of the letter to the trustee did not qualify as a filing of the proof of claim. The Ninth Circuit rejected both arguments and, as to the latter condition, stated:

> "The trustee here nevertheless suggests that language to the effect that the basis for an amendment of a proof of claim must appear 'upon the record in the bankruptcy proceedings' [cite omitted] or must be found in '[the court's] own files' [cite omitted] precludes amendment of a claim delivered to the trustee. We cannot agree.
>
> ... there is no great burden on trustees in being required to read and 'reasonably construe' those documents sent to them. 597 F.2d at 183."

At least two bankruptcy courts have adopted the *Franciscan Vineyard* analysis and held that an informal proof of claim was effectively filed when received by the trustee [2] or counsel for the trustee. *See In re Evanston Motor Company, Inc.,* 20 B.R. 550 (Bkrtcy.N.D.Ill.1982) ("the letter was brought to the attention of, and ac-

---

**1.** Rule 5005 must be cross-referenced, however, with Rule 9030 which provides: "these rules shall not be construed to extend or limit the jurisdiction of the bankruptcy courts or the venue of any matters therein."

**2.** The debtor-in-possession concept equates for most purposes with that of the trustee, pursuant to the provisions of § 1107(a).

cepted by, an officer of the court [the trustee], and speaks for itself, however inartistically, as a claim against the estate"); *In re Dialysis Service Company, Inc.,* 19 B.R. 940 (Bkrtcy.D.Colo.1982).

In this case the debtor-in-possession had received the pleadings in arbitration before the bar date of November 10, 1983. Those pleadings set out somewhat the basis for the claim advanced by Burke against the debtor, made demand upon the debtor, and reflected the intent of Burke to hold the debtor liable for payment of the claim. Accordingly, I construe the presentation by Burke of its formal proof of claim to be an amendment of its original informal proof of claim evidenced by the arbitration pleadings.

It is, therefore, ORDERED by the Court that the objections by the debtor, Modular Engineering Corporation, and by the official Creditors Committee to the timeliness of the filing of the claim by Burke Energy Corporation be, and it is hereby, overruled and denied.

This memorandum should in no way be construed as constituting allowance of the claim. At this point any claim by Burke is contingent upon a final order by the arbitrator making an award to Burke. The entry of this order is without prejudice to the right of the debtor, the official Creditors Committee, or any other party in interest to challenge the claim of Burke Energy Corporation for voting or other purposes.

All relief not herein granted is denied.