**Ella H. DABNEY, Joseph E. Mercer, Edward Bynum, William G. Hurdle, Plaintiffs,**

v.

**H. Lee ADDISON, III, Trustee for debtors John Thomas Blackwell, II and Johnese Harris Blackwell, Defendants.**

Civ. A. No. 85–520–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 23, 1985.

Charles M. Lollar, Willcox & Savage, Norfolk, Va., for plaintiffs.

H. Lee Addison, III, Norfolk, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

KELLAM, District Judge.

A motion was filed by Ella H. Dabney, Joseph E. Mercer, Edward Bynum and William G. Hurdle, the unsecured creditors in the bankruptcy of John Thomas Blackwell (Blackwell) and Johnese Harris Blackwell, the debtors, seeking leave to file amended proofs of claim, *nunc pro tunc* so that the creditors may share in the distribution of the debtors' estate.

Blackwell, one of the debtors, was president of Studio-I International Productions, Inc. (Studio-I), a business which was involved in promoting concerts. From March of 1979 through December of 1979, Blackwell solicited several unsecured loans from the creditors to Studio-I. In each case, the loans were made and then repaid with interest within 30–45 days. Afterwards, other loans from the creditors were immediately solicited and in most instances, these loans were never repaid.

The creditors filed suit against the officers of Studio-I in the state court to recover their loans totaling in excess of $45,000.00. The Chesapeake Circuit Court entered judgment for the creditors on February 13, 1981. Thereafter, unknown to the creditors, the debtors had already filed for bankruptcy on December 23, 1980. After learning of the bankruptcy proceedings, the attorney for the creditors immediately became involved in the administration of the debtors' estate. The Bankruptcy Court Clerk's Office issued notice to all parties on January 22, 1981 that it appeared from the schedules filed that there were no assets from which any dividends could be paid to creditors; therefore, it was unnecessary for any creditors to file claims at this time. H. Lee Addison, III was appointed Trustee of the debtors' bankruptcy estate on February 2, 1981. The creditors' attorney attended the first meeting of creditors on February 17, 1981; filed objections to the debtors' claim of exemptions; and filed a complaint in Bankruptcy Court to determine the dischargeability of the debtors' loans to the creditors and for a judgment for the amount of their claims. On June 29, 1981, the Bankruptcy Court entered an order sustaining the creditors' objection to the debtors' claim of exemptions. As a result, the creditors' attorney and the Trustee, working closely together, negotiated and obtained a favorable settlement with the debtors regarding the redemption of the debtors' equity in a jointly owned home and other personal property. Specifically, an agreement was reached whereby the debtors would pay $7,000.00 per year to the bankruptcy estate over a period of three years with interest accruing at the rate of 15% per annum.

On October 6, 1981, the Bankruptcy Court entered an order declaring that the debts of Blackwell to the creditors were nondischargeable in bankruptcy. The Bankruptcy Court also entered judgment against Blackwell in favor of the creditors, Ella H. Dabney, Joseph E. Mercer, Edward Bynum and William G. Hurdle for $35,000.00; $4,900.00; $3,000.00 and $3,000.00 respectively. On March 22, 1982 the District Court affirmed the decision of the U.S. Bankruptcy Court. This decision was subsequently reversed by the Fourth Circuit on March 22, 1983, holding that the debts of Blackwell to the creditors were dischargeable in bankruptcy. In the meanwhile, on November 17, 1982, a notice was issued by the Bankruptcy Court Clerk's Office stating that there were assets from which a dividend could be paid to the creditors from the bankrupts' estate. This notice set a deadline of January 13, 1983 for the filing of all proofs of claim. The creditors, however, failed to file proofs of claim in the Clerk's Office by January 13, 1983.

Pursuant to a complaint filed by Blackwell, the Bankruptcy Court on May 14, 1984, ordered judgment for Blackwell and against the creditors in the amount of

$5,775.00 [1] which represented the amount Blackwell had earlier paid to creditors on the nondischargeable claims, pending his appeal.

On May 2, 1985, the creditors filed in the U.S. Bankruptcy Court a motion for leave to file amended proofs of claim, *nunc pro tunc*. The Trustee, on July 15, 1985, filed an Amended Final Report and Account Before Distribution which did not include the creditors sharing in the debtors' final asset distribution. On July 17, 1985, the Bankruptcy Court denied the creditors' motion and consequently the creditors appealed to this court for review of the Bankruptcy Court's refusal to grant leave to file amended proofs of claim.

Where creditors are notified pursuant to Bankruptcy Procedure Rule 2002(e) [2] that there are insufficient assets in the bankrupt's estate to pay a dividend and then assets of the debtor are later discovered, the creditors are entitled to file proofs of claim within 90 days after such notice. Bankruptcy Procedure Rule 3002(c)(5). [3] This was the present situation where the creditors were initially told that the debtors' had no assets out of which a dividend could be paid. Then on November 17, 1981, after debtors' equity in their home and personal property was uncovered, the creditors were given notice that they had until January 13, 1982 in which to file proofs of claim in order to share in the distribution of debtors' assets.

The 90–day deadline, as well as the other time limits [4] for filing proofs of claim, is intended to promote the finalty of the bankruptcy proceedings. *Hoos & Co. v. Dynamics Corp. of America,* 570 F.2d 433, 439 (2d. Cir.1978); *In the Matter of Paul R. Dean Co.,* 460 F.Supp. 447, 452 (W.D.N.Y.1978); *In Re Hatchett,* 31 B.R. 833, 835 (Bankr.E.D.Va.1983).

■ Although finalty is desired in bankruptcy proceedings, in some circumstances fairness and equity require that strict adherence to deadlines be relaxed and that filing of amended proofs of claim be permitted. *See generally Sun Basin Lumber Co. Inc. v. United States,* 432 F.2d 48 (9th Cir.1970); *Wilkens v. Simon Brothers, Inc.,* 731 F.2d 462 (7th Cir.1984); *Fausett v. Murner,* 402 F.2d 961 (5th Cir.1968). Bankruptcy Courts are courts of equity, *Wheeling Valley Coal Co. v. Mead,* 171 F.2d 916, 920–21 (4th Cir.1949) and consequently, they "endeavor wherever possible to do equity, and the trend of modern decisions is uniformly toward the greatest liberality in the allowance of the filing of amended proofs of claim...." *Scottsville National Bank v. Gilmer,* 37 F.2d 227, 229 (4th Cir.1930). The Bankruptcy Courts, employing their equitable powers and discretion, have allowed the filing of amended proofs of claim after the expiration of the time limit. *Hutchinson v. Otis,* 190 U.S. 552, 555, 23 S.Ct. 778, 779, 47 L.Ed. 1179 (1903); *Fyne v. Atlas Supply Company,* 245 F.2d 107, 108 (4th Cir.1957); *Wilkens supra.*

---

1. This amount was apparently paid by the debtors to the creditors pursuant to the judgment entered by the Bankruptcy Court finding that the loans were nondischargeable in bankruptcy.

2. Bankruptcy Procedure Rule 2002(e) states:
   In a Chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims.

3. Bankruptcy Procedure Rule 3002(c)(5) states:
   If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

4. *See, e.g.,* Bankruptcy Procedure Rule 3002(c) which requires in Chapter 7 liquidation or Chapter 13 individual's debt adjustment case that proofs of claim shall be filed within 90 days after the first date set for the meeting of the creditors. Former Bankruptcy Rule 302(e) had a six-month, rather than 90–day, time limit from the first creditors' meeting for filing proofs of claim.

However, some courts have taken a narrow and strict interpretation of the Bankruptcy Court's discretionary powers to allow untimely filed proofs of claim. *In re Pigott*, 684 F.2d 239, 245 (3rd. Cir.1982); *In re Good News Publishers, Inc.*, 33 B.R. 125, 126 (M.D.Tenn.1983); *In re Sems Music Co.*, 24 B.R. 376, 379 (Bankr.M.D.Tenn. 1982).

■ Nevertheless, this Court is bound by the Fourth Circuit decision of *Fyne v. Atlas Supply Co.*, 245 F.2d 107 (4th Cir. 1957), and thus an amendment of proofs of claim "will be allowed if in the opinion of the courts, such a course is in furtherance of justice." *Id.* at 108, quoting *Scottsville, supra.* The Fourth Circuit has held that a creditor may file an amended claim after the expiration of the time period provided that "sufficient notice of the claim has been given in the course of the bankruptcy proceeding...." *Fyne, supra,* at 107. Compare, *Wheeling Valley Coal Corp., supra* at 919 (The Fourth Circuit did not permit the amendment since it was a new claim never before asserted in the bankruptcy proceeding.)

Following the Fourth Circuit, the Seventh Circuit recently held that if a creditor made an informal, de facto claim within the time period set forth in the bankruptcy procedure rules, then a late filing proof of claim could be treated as a perfecting amendment of that earlier, informal claim. *Wilkens, supra,* at 464 citing *Hutchinson v. Otis,* 190 U.S. 552, 555, 23 S.Ct. 778, 779 (1903). The Ninth Circuit in *Sun Basin Lumber Co., supra,* at 49, stated that:

[i]t is well settled that if there is upon the record in the bankruptcy proceedings, within the [prescribed time limit] anything sufficient to show the existence, nature and amount of a claim, it may be amended even after expiration of the [time limit]. 3 Collier on Bankruptcy § 57.11[3] (14 Ed. 1977).

The applicable rule as set forth in *Fyne* and the other circuits is that an amended filing of proofs of claim after the expiration of time will be permitted so long as there is already sufficient notice of the claim in the bankruptcy proceedings.

The focus then turns to what constitutes sufficient notice of a creditor's claim to justify filing amended proofs of claim after the 90–day limit has expired. Sufficient notice may be manifested in numerous ways. For instance, the creditor may send tax bills to the Trustee and request that he pay them. *County of Napa v. Franciscan Vineyards, Inc.,* 597 F.2d 181 (9th Cir. 1979). The creditor may file objections to the Trustee's petition to sell property containing evidence of creditor's security interest in the property to be sold. *Sun Basin Lumber, Co., supra.* The creditor may be an active participant in the creditor's meetings. *Fyne, supra; see also In re Rite Autotronics Corp.,* 27 B.R. 599, 603 (Bankr.App. 9th Cir.1982) (the court, citing *Fyne,* permitted the filing of proofs of claim after the deadline because the creditor "served actively on the creditors' committee without forewarning of there being a question as to the amount of its claim"). Finally, the exchange of letters between the Trustee and creditor seeking payment from the estate may be sufficient notice to justify a late filing. *Scottsville, supra* at 229; *In re Pacific Lumber & Fuel Co.,* 194 F.2d 995, 997 (7th Cir.1952).

In all of the above instances, the courts found sufficient notice of the creditor's claim in the bankruptcy proceedings to permit the filing of amended proofs of claim after the deadline had expired.

■ However, mere knowledge on the part of the Trustee of the claim is not sufficient notice to permit an amended claim, *Perry v. Certificate Holders of Thrift Savings,* 320 F.2d 584 (9th Cir.1963) nor is the mere listing of the claim in the bankrupt's schedule enough notice to allow a late filing. *Hoos, supra,* at 437, *Pigott, supra,* at 245; *In re Green,* 33 B.R. 1007, 1010 (D.R.I.1983). Furthermore, pendency of litigation regarding the creditor's claim is not alone sufficient basis to allow an amendment, *In re Vega Baja Lumber Yard, Inc.,* 285 F.Supp. 143, 147 (D.P.R. 1968) nor is attorney neglect enough to

permit the extension of time period. *Wilkens, supra* at 646; *In re Good News Publishers, Inc., supra*, at 126.

The Fourth Circuit in *Fyne* permitted the creditor to file amended proofs of claim after the time limit had expired since there had been sufficient notice of the claim given in the course of the proceeding. In *Fyne*, the creditor had obtained judgment against the bankrupt and had executed a levy upon the debtor's property. Shortly prior to the sale of debtor's property, bankruptcy proceedings were instituted against the debtor. The attorney for the creditor attended the first meeting of the creditors and participated in the meeting but did not file formal proofs of claim.[5] The attorney also wrote the Trustee a letter giving advice as to the pending litigation.

■ The facts in the present case are closely analogous to those of *Fyne*. Here, the creditors instituted action in the state court for the collection of their claims. They obtained judgments for the sums due them, albeit, the judgments were entered after the date of the filing of the petition in bankruptcy because the creditors did not know of the filing of the bankruptcy petition. Upon learning of the filing, counsel for the creditors immediately became involved in the administration of bankruptcy proceedings and attended the first meeting of the creditors. He filed objections to the debtors' claimed exemptions. As a result of which, the funds now available for distribution were obtained. He worked closely with the Trustee and Bankruptcy Court in devising the plan for collection of said funds. Counsel for the creditors also filed a complaint in the Bankruptcy Court to have the creditors' debts declared nondischargeable and to obtain judgments therefor. He was successful in obtaining the judgments on October 6, 1971. Although the Fourth Circuit ultimately reversed, holding that the debts were dischargeable in bankruptcy, the judgments still remain.

The reversal by the Fourth Circuit of the nondischargeability of the debts came on March 22, 1983 which was after both the notice from the Bankruptcy Court on November 17, 1982 that assets were available and proofs of claim should be filed, and after the time fixed for the filing of said claims on January 13, 1983. In the record are communications between the Trustee and creditors' attorney which clearly indicate the Trustee's knowledge and recognition of creditors' claims. In addition, all parties concerned were aware of the fact that the debtors were making payments on the nondischargeable judgment to the creditors.

Similar to *Fyne*, the attorney for the creditors actually participated in the first meeting of the creditors and in the administration of the debtors' estate. In fact, the creditors through their attorney considerably enhanced the estate of the bankrupts. It was through the efforts and negotiations of the creditors' attorney that the debtors' equity was discovered in which a dividend could be paid to the creditors. Compare, *In re Greene*, 33 B.R. 1007, 1010 (D.R.I. 1983) (where the creditor made no special contribution to' the enhancement of the bankruptcy estate).

Another factor to consider in determining whether amended proofs of claim should be allowed is whether the debtor, Trustee, creditor or public would be adversely affected by allowing the late claim. *Fausett, supra*, at 963. In this case, no one would be harmed or prejudiced by the filing of amended proofs of claim since no distribution has taken place.[6] The Trustee will only have to recompute the percentages of payments to the unsecured creditors which should not be too difficult due to the small numbers of unsecured creditors who have made claims against the estate.

Lastly, although not determinative of the case, is the fact that on November 17, 1982 the Clerk of the Bankruptcy Court sent

---

5. The attorney was under the mistaken belief that such proofs of claim had been filed by another attorney who had represented the creditor on earlier proceedings.

6. Of course, other creditors will receive a smaller dividend on their claims, but they have not appeared to oppose the late filing of the proofs of claim in issue.

notice to the creditors informing them that there were assets from which a dividend could be paid. The deadline for filing proofs of claim was set for January 13, 1982. According to Bankruptcy Procedure Rule 3002(c)(5), proofs of claim may be filed within 90 days after the mailing of notice of the existence of the debtor's assets. However, here the Clerk set the deadline for approximately 60 days after the mailing of the notice, rather than the 90–day deadline proscribed by the rules.

Under the circumstances, the Court finds that it would be unjust to deny the creditors the right to file amended proofs of claim and to participate in the distribution of debtors' assets. It is hereby ORDERED that the Bankruptcy Court's decision be reversed and the creditors be granted leave to file amended proofs of claim, *nunc pro tunc.*