59 F.3d 166
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In re Walter Terry HARDGRAVE, a/k/a Terry Hardgrave, a/k/a
Walter T. Hardgrave, Debtor.
Walter Terry HARDGRAVE, Plaintiff-Appellee,
v.
Gerard Joseph LA ROCK, Defendant-Appellant,
and
Thomas L. LACKEY, trustee, Party in Interest.
 No. 94-4832.
 United States Court of Appeals, Fourth Circuit.
 Argued April 3, 1995.
Decided June 21, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-94-562-S, BK-92-14333-PM)
 D.Md.
 REVERSED AND REMANDED.
 ARGUED: Joseph Peter Drennan, Alexandria, Virginia, for Appellant. Brian Richard Seeber, Gins & Seeber, P.C., Washington, D.C., for Appellee.
 OPINION
 Before RUSSELL, WILKINS and MICHAEL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case raises the issue of whether a bankruptcy court can treat an unsecured creditor's objection to the confirmation of the debtor's Chapter 13 plan as an informal claim where the unsecured creditor failed to file a formal proof of claim by the required deadline. We hold that the informal claim should be allowed.
 
 I.
 
 2
 This action arises out of the bankruptcy of Walter Terry Hardgrave. On July 21, 1992, Hardgrave filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Soon after, Hardgrave filed a Schedule F, which listed the creditors holding unsecured nonpriority claims. That schedule listed only one such creditor, Gerard La Rock, who had a claim against Hardgrave in the amount of $36,998.24 for a libel judgment that La Rock won against Hardgrave in a Virginia state court.
 
 
 3
 On August 13, 1992, Hardgrave sent a Notice of the First Meeting of Creditors to all of the creditors, including La Rock. That notice advised creditors that the deadline for filing proofs of claim was November 19, 1992. Also on August 13, Hardgrave filed a Chapter 13 Plan, under which he proposed to pay $240 per month for 36 months to the Trustee, who would distribute the proceeds to the creditors.
 
 
 4
 La Rock attended the first creditors' meeting on August 21, 1992 and actively questioned Hardgrave about misstatements in his Statement of Financial Affairs. Furthermore, La Rock filed an Objection to Hardgrave's Chapter 13 Plan on September 16, 1992 and opposed confirmation of the Chapter 13 Plan at a confirmation hearing on September 29, 1992. The bankruptcy judge did not rule on the Plan at that time but continued the confirmation hearing to January 25, 1993.
 
 
 5
 In a complete blunder, La Rock's attorney did not file a proof of claim by the November 19, 1992 deadline. At the January 25, 1993 confirmation hearing, the Trustee informed the bankruptcy court of La Rock's omission. The Trustee also stated that there were two secured creditors scheduled in the bankruptcy and that La Rock was the only unsecured creditor. Despite La Rock's failure to file a proof of claim, the bankruptcy court heard his objection to the confirmation of the Chapter 13 Plan. La Rock argued that the Plan was underfunded and that Hardgrave could afford to pay more than $240 per month. The bankruptcy court agreed and amended the proposed plan to increase Hardgrave's monthly contribution to $500 per month. Thus amended, the bankruptcy court confirmed Hardgrave's Chapter 13 Plan.
 
 
 6
 Despite the Trustee's reminder that La Rock had not filed a proof of claim, La Rock failed to file a formal or informal proof of claim immediately after the confirmation hearing. Instead, La Rock simply waited to receive his distributions from the Trustee. On June 1, 1993, La Rock's attorney sent a letter to the Trustee to discover why La Rock, whom he believed to be the sole unsecured creditor, had not received any distributions. Responding by letter dated June 14, 1993, the Trustee advised that La Rock was not the sole unsecured creditor; the law firm of McGuire, Woods, Battle and Boothe ("McGuire Woods") had filed a timely, unsecured claim in the amount of $11,533.25. Furthermore, the Trustee explained that La Rock would not receive distributions under the confirmed plan because he had not filed a timely proof of claim.[1] The Trustee advised La Rock that he could either (1) file a late proof of claim, or (2) move the bankruptcy court to recognize La Rock's Objection to the Chapter 13 Plan as an informal claim. The Trustee warned, however, that he would oppose either action.
 
 
 7
 La Rock chose the second option and, on July 26, 1993, filed a motion with the bankruptcy court to allow the Objection to the Chapter 13 Plan to be treated as an informal claim. Neither the Trustee nor McGuire Woods opposed the motion; only Hardgrave, the debtor, filed an opposition to La Rock's motion.[2] On December 15, 1993, the bankruptcy court granted La Rock's motion. Although the bankruptcy court recognized that La Rock had delayed six months in filing his motion and that allowing late claims in general would wreak havoc on the efficient administration of Chapter 13 bankruptcies, the court could not "visualize this case in the absence of the Movant, La Rock." Given the "unique circumstances" of this case, the bankruptcy court allowed La Rock's Objection to the Chapter 13 Plan to be treated as an informal claim.
 
 
 8
 Although Hardgrave appealed the bankruptcy court's decision, La Rock received three distributions from the Trustee. He received $1,387.50 at the beginning of January 1994, $462.50 at the beginning of February, and $451.92 at the beginning of March. In late March 1994, the Trustee learned of Hardgrave's appeal and froze further distributions to La Rock until the resolution of the appeal.
 
 
 9
 On May 31, 1994, the district court reversed the decision of the bankruptcy court. Although it acknowledged that the Fourth Circuit recognized informal claims, most recently in In re Davis, 936 F.2d 771, 775-76 (4th Cir.1991), the district court held that La Rock did not meet the criteria for the allowance of an informal claim. According to the district court, the most important criterion is whether the creditor's actions during the bankruptcy proceedings enhanced the value of the bankrupt estate. The district court found no evidence that La Rock enhanced Hardgrave's bankrupt estate and concluded that the allowance of the informal claim increased "the potential for chaos in the administration of this and other Chapter 13 cases...." The district court held that the bankruptcy court abused its discretion by treating the Objection to the Chapter 13 Plan as an informal claim.
 
 
 10
 Like the district court, we review the bankruptcy court's decision to allow an informal claim under an abuse of discretion standard. See In re Davis, 936 F.2d at 775. We now reverse the decision of the district court and hold that, under the circumstances of this case, La Rock's Objection to the Chapter 13 Plan constitutes an informal proof of claim.
 
 II.
 
 11
 Creditors in a Chapter 13 bankruptcy must file a proof of claim within 90 days after the date of the first creditors' meeting. Bankruptcy Rule 3002(c). Creditors who fail to file their proof of claim within this time period may not receive distributions from the bankrupt estate. In re Davis, 936 F.2d at 773-74. A court will not recognize a late proof of claim, even if there was a good reason for the untimely filing. Id. at 773.
 
 
 12
 Nonetheless, if a creditor has made an informal claim during the filing period, then a late proof of claim may be treated as a perfecting amendment of the informal claim. In re Davis, 936 F.2d at 775; Wilkens v. Simon Bros., Inc., 731 F.2d 462, 464 (7th Cir.1984); Dabney v. Addison, 65 B.R. 348, 351 (E.D. Va.1985). An informal claim arises when "sufficient notice of the claim has been given in the course of the bankruptcy proceeding...." Fyne v. Atlas Supply Co., 245 F.2d 107, 107 (4th Cir.1957); see In re Davis, 936 F.2d at 775 (citing Fyne ); Dabney, 65 B.R. at 351 (same); accord Wilkens, 731 F.2d at 465 ("The general rule is that [an informal] claim arises where the creditor evidences an intent to assert its claim against the debtor."). Thus, a late-filed proof of claim will be allowed as amending a timely, informal claim if the creditor has undertaken "some affirmative action to constitute sufficient notice that he has a claim against the estate." In re Davis, 936 F.2d at 775-76. Mere knowledge on the part of the trustee is not sufficient notice to permit an informal claim, nor is the listing of the claim in the debtor's schedule. Id. at 776; Wilkens, 731 F.2d at 465; Fyne, 245 F.2d at 108; Dabney, 65 B.R. at 431.
 
 
 13
 Courts have recognized informal claims where the creditor has actively participated in the bankruptcy proceedings. Fyne, 245 F.2d at 108 (creditor participated in the first creditors' meeting and gave advice to trustee); Dabney, 65 F.2d at 349 (creditor attended first creditors' meeting, filed objections to the debtors' claim of exemptions, and filed complaint in bankruptcy court to determine the dischargeability of certain of the debtors' debts); see also In re Davis, 936 F.2d at 776 (no informal claim where creditor "did nothing that would alert other parties to the presence of its claim" during the filing period). In many of the cases in which courts have allowed informal claims, the courts have based their decision in part on the fact that the creditors' efforts had increased the value of the debtors' estates. Scottsville Nat'l Bank v. Gilmer, 37 F.2d 227, 228 (4th Cir.1930) (efforts of the creditor increased the value of the debtor's estate by at least fifty percent); Dabney, 65 B.R. at 349, 352 (creditors discovered the debtors' equity in real and personal property and, through their efforts, obtained a settlement in which the debtors agreed to pay a specified amount to the bankrupt estate in redemption for their equity). Furthermore, this Court has recognized a creditor's informal claim where the bankruptcy proceeding itself resulted from that particular creditor's attempt to enforce the claim through legal proceedings. Fyne, 245 F.2d at 108 (creditor had received judgment against debtor and had caused execution to be levied upon debtor's property when other creditors filed an involuntary petition for bankruptcy on debtor's behalf, thus interrupting the proposed sale of property and the execution of the judgment).
 
 
 14
 In deciding whether to allow an informal claim, courts also have considered any potential adverse impact on the debtor, other creditors, the trustee, or even the public. In re Davis, 936 F.2d at 776; Dabney, 65 B.R. at 352. In Dabney, the court held that allowing an informal claim would not harm any party because no distribution had taken place. 65 B.R. at 352. The court reasoned that allowing the informal claim would not harm the trustee because "[t]he Trustee will only have to recompute the percentages of payments to the unsecured creditors which should not be too difficult due to the small numbers of unsecured creditors who have made claims against the estate." Id. Furthermore, even though each individual unsecured creditor would receive a smaller percentage of their claim if the informal claim were allowed, the court noted that none of the affected creditors appeared to oppose the informal claim. Id. at 352, n. 6. However, another court has reasoned that the harm to the other parties is greater when the creditor asserts an informal claim that would take priority over the claims of other creditors. See In re Davis, 936 F.2d at 776.
 
 
 15
 Applying the case law set out above to this case, we find overwhelming support for allowing La Rock's informal claim. La Rock actively participated in the bankruptcy proceedings from its inception. He attended the first creditors' meeting and questioned Hardgrave about certain representations in Hardgrave's Statement of Financial Affairs. He filed an objection to Hardgrave's Chapter 13 Plan and argued against the plan at both confirmation hearings.
 
 
 16
 Through his efforts, La Rock singlehandedly increased the value of the bankrupt estate. He convinced the bankruptcy court that Hardgrave could afford to contribute more than $240 per month, as proposed in the original Chapter 13 Plan. After hearing La Rock's argument, the bankruptcy court refused to confirm a Plan with payments below $500 per month, and the debtor agreed to pay the larger amount. La Rock's efforts more than doubled the amount of money available for distribution to all of the creditors.
 
 
 17
 Moreover, La Rock's claim caused Hardgrave to file for bankruptcy in the first place. La Rock had won a $35,000 libel judgment against Hardgrave in the Circuit Court of Fairfax County, Virginia, and Hardgrave filed for bankruptcy after La Rock had begun efforts to execute the judgment. He admitted as much at the first creditors' meeting on August 21, 1992, where he explained to the Trustee that he filed for bankruptcy "[b]ecause of the judgment from Circuit Court, Fairfax County." Joint Appendix ("J.A.") 82.
 
 
 18
 Given La Rock's active participation in the bankruptcy proceeding, his successful effort to increase the amount of money available for distribution to creditors, and the fact that Hardgrave filed for bankruptcy as a result of La Rock's libel judgment, it would be manifestly unfair to deny La Rock's claim. Furthermore, allowing his informal claim will have no adverse impact on any party. At the time La Rock filed his motion to allow the informal claim, the Trustee had not made any distributions to unsecured creditors. Thus, the Trustee had only to recompute the percentages of payments to the unsecured creditors; with only two unsecured creditors, La Rock included, this is hardly a burdensome task. Although McGuire Woods, the other unsecured creditor, will receive a smaller percentage of its claim because of the allowance of La Rock's informal claim, McGuire Woods did not object to La Rock's motion.
 
 
 19
 We hold that La Rock's Objection to the Chapter 13 Plan constituted an informal claim. Therefore, La Rock's claim should be allowed even though La Rock failed to file a formal proof of claim.[3]
 
 III.
 
 20
 We find it necessary to discuss one other point. La Rock should have known after the confirmation hearing on January 25, 1993 that he had failed to file a proof of claim because the Trustee stated the fact to the bankruptcy court during that hearing. However, La Rock delayed six months, until July 26, 1993, before filing his motion to allow an informal claim. Even the bankruptcy court concluded that the six-month delay amounted to laches, although it still allowed the informal claim.
 
 
 21
 We hold that the six-month delay, in this particular case, does not defeat La Rock's informal claim. Although the Trustee, at the confirmation hearing, informed the bankruptcy court in La Rock's presence that La Rock had not filed a proof of claim, La Rock reasonably could have drawn a mixed message from the entire hearing. At the beginning of the hearing, the Trustee made the following statement to the bankruptcy court:
 
 
 22
 Frankly, at this point there are only three creditor scheduled, two of which are secured creditors, and the representation of the creditors was that there was no pre-petition default so they're not going to be handled under the plan.
 
 
 23
 I don't have any record of Mr. LaRock filing a claim and that's the only unsecured creditor. The deadline passed in mid November so I think that given these circumstances, I am, first of all, recommending confirmation but I'm not sure the plan is going to go anywhere at this point.
 
 
 24
 J.A. 24-25 (emphasis added). The Trustee's point was that confirmation of the Chapter 13 Plan was unnecessary because there were no claims that would have been covered by the Plan. According to the Trustee, the two secured creditors, Lomas Mortgage USA and McGuire Woods, had asserted no pre-petition defaults and thus had no secured claims under the Plan. La Rock, the only unsecured creditor at the time,[4] had not filed a timely proof of claim. The Trustee clearly implied that further Chapter 13 proceedings were unnecessary.
 
 
 25
 Nonetheless, the bankruptcy court heard La Rock's objection to the confirmation of the Chapter 13 Plan, increased the amount of Hardgrave's monthly payment, and confirmed the Chapter 13 Plan as amended. Because the Trustee had stated that the secured creditors' claims would not be covered by the Plan, the bankruptcy court would have had no reason to confirm a Chapter 13 Plan other than to cover La Rock's claim. Therefore, at the end of the confirmation hearing, La Rock had every reason to believe not only that the bankruptcy court recognized his claim, but also that he would be the only creditor to receive distributions.
 
 
 26
 La Rock understandably thought that he would receive distributions immediately. On June 1, 1993, La Rock's attorney wrote to the Trustee and inquired as to why he had not received distributions. When the trustee responded, La Rock learned for the first time that: (1) he was not the sole unsecured creditor; (2) the secured creditors were receiving distributions under the Plan; and (3) La Rock would not receive distributions because of his failure to file a proof of claim. Soon after receiving the Trustee's letter, La Rock filed his motion to allow an informal claim. Given these circumstances, we conclude that La Rock acted reasonably in filing his motion when he did.
 
 IV.
 
 27
 We hold that the bankruptcy court correctly treated La Rock's Objection to the Chapter 13 Plan as an informal claim and that the district court erred in concluding that the bankruptcy court abused its discretion. Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.
 
 REVERSED AND REMANDED
 
 
 [1]
 The Trustee also explained that all distributions up until that date had been distributed to the two secured creditors to cure their pre-petition debts; thus, even if La Rock had filed a timely proof of claim, he would not have received distributions before June 1, 1993
 
 
 [2]
 We note that Hardgrave has standing to oppose La Rock's motion. The Plan requires Hardgrave to pay $500 per month for 36 months, or a total of $18,000. If La Rock's claim is not allowed, the only remaining claims would be McGuire Woods' unsecured claim and the two secured claims. The amount of McGuire Woods' unsecured claim is $11,533.25. Although it is not clearly established in the record, it appears that the amount of the secured claims does not exceed $5,000. If La Rock's informal claim is not allowed, the amount of the plan payments would exceed the amount of the claims, and the Trustee would refund the difference to Hardgrave. Hardgrave therefore has standing to challenge La Rock's informal claim
 
 
 [3]
 We note that, as a technical matter, La Rock should have filed a late proof of claim when he filed his motion for the allowance of an informal claim. Although the formal proof of claim would have been untimely, it would have been a perfecting amendment to the timely informal claim. Although we hold today that La Rock's informal claim should be allowed, the bankruptcy court cannot honor that claim until La Rock files a formal proof of claim
 
 
 [4]
 The record does not establish when McGuire Wood became an unsecured creditor. We can only speculate that McGuire Woods, sometime after the confirmation hearing, amended its proof of claim to assert both secured and unsecured claims