J. J. FYNE, Trustee in Bankruptcy of the Estate of W. H. Calder Company, Inc., Bankrupt, Appellant,

v.

ATLAS SUPPLY COMPANY, Appellee.

No. 7378.

United States Court of Appeals Fourth Circuit.

Argued April 3, 1957.

Decided May 13, 1957.

Alfred L. Purrington, Jr., Raleigh, N. C., for appellant.

Robert L. McMillan, Jr., Raleigh, N. C., for appellee.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and WILLIAMS, District Judge.

PARKER, Chief Judge.

This is an appeal from an order allowing a creditor to file an amended claim in a bankruptcy proceeding more than six months after the first date set for the first meeting of creditors.[1] The question in the case is whether sufficient notice of the claim had been given in the course of the bankruptcy proceeding to warrant the order authorizing the filing of the formal amended claim. We agree with the District Judge that the

1. Sec. 57, sub. n of the Bankruptcy Act as amended, 11 U.S.C.A. § 93, sub. n, provides that, with certain exceptions, claims not filed within six months after the first date set for the first meeting of creditors shall not be allowed.

notice of the claim theretofore given was a sufficient basis for the order.

The facts are that the claimant had obtained judgment against the bankrupt for the full amount of the claim and had caused execution to be levied upon bankrupt's property and the property to be advertised for sale under execution. Shortly before the sale was to take place, other creditors of bankrupt filed an involuntary petition in bankruptcy, alleging the judgment, execution and proposed sale as basis for an involuntary adjudication; and adjudication was duly made thereon. The claim of claimant was scheduled by the bankrupt and amounted to approximately one-half of the indebtedness owing by the estate. An attorney representing claimant with respect to its claim attended the first meeting of creditors and participated in the meeting, but did not file formal proof of claim because of the mistaken belief that this had been done by another attorney, who had been designated to represent plaintiff but who had withdrawn from the case because of professional connection with the referee in bankruptcy. The attorney representing plaintiff also wrote a letter to the trustee in bankruptcy, well within the six months period, giving advice as to pending litigation. Not until after the six months had elapsed, and after there had been repeated conferences between attorney for claimant and the trustee relative to the outlook for the payment of claimant's claim and the handling of the estate, was it suggested that claimant was barred from asserting his claim by reason of failure to file formal claim within the time allowed.

 We agree that mere knowledge on the part of the trustee or of the referee in bankruptcy as to the existence of a claim is not sufficient basis for allowing the filing of an amended claim nor is the listing of the claim in the bankrupt's schedules sufficient. Here, however, there is much more than this. There is not only the letter of counsel for claimant to counsel for the trustee which amounts to an assertion of a right

in the estate, and the participation of counsel for claimant in the first meeting of creditors, but there is also the fact that the bankruptcy proceeding itself shows upon its face that it was based upon proceedings taken by claimant for the collection of the claim. Under such circumstances, it would be unjust to deny to claimant the right to file formal claim and participate in the distribution of assets. Very much in point is the decision in In re Fant, D.C., 21 F.2d 182, 183, where the notice of claim held to be sufficient to warrant permission to file amended claim was the involuntary petition in bankruptcy in which claimant had joined as a petitioning creditor. The decision in that case was by the late Judge Northcott, sitting in the District Court, and contains a careful review of the applicable decisions. He lays down the rule which we think applicable here as follows:

"The trend of modern decisions on this question, without exception, is to the effect that, where there is anything in the record in the bankruptcy case which establishes a claim against the bankrupt, it may be used as a basis for amendment after the expiration of the statutory year, where substantial justice will be done by allowing the amendment."

In the prior case of Globe Indemnity Co. of Newark, N. J. v. Keeble, 4 Cir., 20 F.2d 84, 86, in which a claim against a partnership and not against a bankrupt partner, had been filed in the proceeding in which the partner had been adjudged bankrupt, it was held that the claim so filed might be amended to assert a claim against the bankrupt, the court saying: "It is clearly the rule, laid down by all the authorities that have been consulted, that amendments to an imperfect claim to make it correct may be allowed after the expiration of the year for filing claims. The rule may be stated as being that such amendment will be allowed if in the opinion of the courts, such a course is in furtherance of justice." In the later case of Scotts-

ville Nat. Bank of Scottsville, Va. **v.** Gilmer, 4 Cir., 37 F.2d 227, 229, no proof of claim had been filed against bankrupt within the period allowed for filing but, as in this case, there was correspondence in which the claim was recognized and there was cooperation between the claimant and the trustee with regard to matters connected with the estate. In holding that the filing of formal proof of claim should be allowed, the court said: "The bankruptcy court is a court of equity, and endeavors wherever possible to do equity and the trend of modern decisions is uniformly toward the greatest liberality in the allowance of the filing of amended proofs of claim, where there is anything in the record to justify such course of action. It would be harsh and inequitable to refuse the relief upon the statements of facts above recited if there were power to grant it." In Cotton v. Bennett, 4 Cir., 59 F.2d 373, 375 no proof of claim had been filed within the statutory period, but the trustee had instituted a proceeding to sell land recognizing therein validity of claimant's lien. In holding that this was a sufficient basis for allowing the filing of a formal amended claim, we said: "Where there are enough facts appearing in the record to establish claim against the bankrupt, it may, in a proper case, be used as a basis for amendment."

In the case of In re Lipman, 2 Cir., 65 F.2d 366, the claimant had filed specifications in opposition to a composition offered by the bankrupt and this was held by the Court of Appeals of the Second Circuit a sufficient basis for allowing the filing of claim after the lapse of the statutory period. In the case of In re Quality Publications, Inc., D. C.S.D.N.Y., 12 F.Supp. 651, 652, Judge Goddard states the rule as follows: "The trend of the decisions is in favor of the greatest liberality in the allowance of the filing of amended proofs of claim if there is anything in the record to support it. Scottsville National Bank of Scottsville, Va. v. Gilmer, 4 Cir., 37 F.2d 227. The assertion of a claim in

the proceeding against the bankrupt, even though not intended as a proof of claim if made in time, is enough to serve as a basis for an amended proof of claim. In re Lipman, 2 Cir., 65 F.2d 366." And in the case of In re Brill, D.C.S. D.N.Y., 52 F.2d 636, 638, Judge Caffey says: "If the court be informed by its own files of the existence, nature, and amount of a claim, then however defective may be the form in which the information is given, there is no bar; at least, the statute of limitations does not prevent the claim being entertained by the court if, in its discretion, it shall permit the proof of debt to be amended so as to meet the requirements as to form."

There is nothing in any of the cases upon which the trustee relies which would require the court to deny the filing of an amended claim where the existence and amount of the claim are established by the files of the bankruptcy court itself and where, as here, the bankruptcy proceeding is shown by its own files to have resulted from the attempt of claimant to enforce the claim through legal proceedings which were superseded by the proceedings in bankruptcy.

Affirmed.