**In re HART SKI MFG. CO., INC., a Minnesota Corporation, Debtor.**

**BEATRICE FOODS CO., Plaintiff,**

v.

**HART SKI MFG. CO., INC., Aetna Business Credit, Inc., and the Unsecured Creditors' Committee of Hart Ski Mfg. Co., Inc., Defendants.**

Bankruptcy No. 3–80–200.
Adv. No. 80–0092.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

July 25, 1980.

Steven B. Nosek of Wagner, Johnston & Falconer, Ltd., Minneapolis, Minn., Floyd Babbitt of Chatz, Sugarman, Abrams, Haber & Fagel, Chicago, Ill., for plaintiff.

John A. Yilek and Bruce C. Faulken of Doherty, Rumble & Butler, St. Paul, Minn., for defendant Hart.

Richard D. Holper and John C. Thomas of Kutak, Rock & Huie, Minneapolis, Minn., for defendant-intervenor Aetna Business Credit, Inc. (Aetna).

William I. Kampf, St. Paul, Minn., for defendant-intervenor the Unsecured Credi-

tors' Committee of Hart Ski Mfg. Co., Inc. (Creditors' Committee).

*Findings of Fact, Conclusions of Law, and Order*

JACOB DIM, Bankruptcy Judge.

## FINDINGS OF FACT

1. Hart filed its petition for relief under Chapter 11 on February 13, 1980.

2. Accompanying its petition, Hart filed a schedule of its creditors, among which was listed Beatrice. None of said creditors was scheduled as disputed, contingent or unliquidated.

3. On March 4, 1980 Hart filed an amended schedule showing Beatrice as a disputed creditor.

4. The record is devoid of any notice to Beatrice that the schedules had been amended.

5. On March 5, 1980 notice was sent to all creditors that the deadline for filing proofs of claim was June 9, 1980.

6. Beatrice made the following appearances between February 13, 1980 and June 9, 1980:

a) March 20 and 27, 1980 hearings on the motion of Beatrice to vacate or modify Order of February 13.

b) April 3, 1980 motion of Creditors' Committee to reconsider sale;

c) April 8, 1980 First Meeting of Creditors and motion to authorize post-petition advances by Aetna to Hart;

d) April 10 and 11, 1980 hearings on motions of Hart and the Creditors' Committee;

e) April 24, 1980 hearing on the sale of equipment by Hart;

f) May 2, 1980 Continued First Meeting of Creditors;

g) May 8, 1980 hearing on Beatrice's amended motion for relief; and,

h) June 4, 1980 hearing on complaint of Beatrice.

7. No formal proof of claim was filed by Beatrice prior to June 9, 1980. Beatrice, however, has continually contended that it was a secured creditor of Hart in the amount of $632,263.90.

8. In its Answer dated March 13, 1980, its Amended Answer filed May 8, 1980 and its Complaint in this action filed May 12, 1980, Beatrice attached all the documents evidencing the claim of Beatrice, including the security agreement, the promissory note, and the financing statements.

## CONCLUSIONS OF LAW

1. The issue is whether Beatrice has sufficiently complied with the filing requirements of 11 U.S.C. § 1111 and Interim Rule 3001 which require that a creditor whose claim is scheduled as disputed must file a proof of claim within the time prescribed.

2. Under the Bankruptcy Act, the prior rule was well settled. "The informal presentation of a claim, not sufficient to constitute a valid 'proof of claim' may be amended to conform to the requirements of the Bankruptcy Rules, particularly Rules 301 and 302, and Official Form No. 15, where the record contains all the facts necessary to establish a bona fide indebtedness and the circumstances under which it was incurred." Collier on Bankruptcy (14th Ed.) § 57.11(1), pp. 195–196, and cases cited therein.

3. The prior rule of law was adopted in the Eighth Circuit in *In re Faulkner*, 161 F. 900 (8th Cir. 1908) and has been commented on or applied in *Tarbell v. Crex Carpet Co.*, 90 F.2d 683 (8th Cir. 1937) and *In re Uhlenhopp*, 508 F.2d 412 (8th Cir. 1975). In accord, *Sun Basin Lumber Co. v. United States*, 432 F.2d 48 (9th Cir. 1970); *In re Franciscan Vineyards, Inc.*, 597 F.2d 181 (9th Cir. 1979).

4. The standards enunciated by these cases require that the creditor have put on the record sufficient information to ascertain the existence, nature and amount of the claim and that the creditor indicate an intention to assert the claim against the estate before the time for filing claims has expired.

5. The new Bankruptcy Code has not altered the substantive law in this area. The

underlying purpose is the same; to provide the trustee or the debtor-in-possession with adequate notice of the claim against the estate. The filing of a proof of claim is a ministerial act which does not alter the legal and equitable relationships involved.

6. The Court is not unmindful of the need for a cut-off date for filing claims for the efficient and orderly administration of the bankruptcy case. But this cut-off time does not apply to claims clearly and sufficiently asserted within the filing period set.

7. The information supplied by Beatrice in its various pleadings was sufficient to establish the debt and determine the nature and amount of the claim. Hart, Aetna and the Creditors' Committee have been aware of the claim asserted by Beatrice.

8. It would be an unjust enrichment of Hart and the unsecured creditors to deny the motion of Beatrice. The claim of Beatrice which has continually been asserted in this case should be entitled to the same treatment as those claims where proofs of claims have been filed.

9. In determining whether to allow an amendment the Court must strictly scrutinize the proposed amendment to ensure that no new claim is being asserted. The amendment presented by Beatrice contains only the claim it has asserted in these proceedings since February 13, 1980. No new claim is being offered.

10. The Court must also be satisfied that no party in interest who has altered its position to its detriment in reliance on the original situation will be injured by the allowance of the amendment. All interested parties, Hart, Aetna, and the Creditors' Committee have been participants in the litigation involving Beatrice. All have treated this issue as if Beatrice had filed a claim. No party can show any prejudice from an amendment of its claim by Beatrice.

11. Collier on Bankruptcy (14th Ed.) § 57.-11(3) states: "It is well settled that if there is upon the record in the bankruptcy proceedings, within the six months prescribed by § 57n, anything sufficient to show the existence, nature and amount of a claim, it may be amended even after the expiration of the period." This Court believes that in the interest of equity this rule should continue under the new Code.

12. This Court concludes as a matter of law that Beatrice has made a sufficient showing prior to the deadline of June 9, 1980 of the existence, nature and amount of the claim it asserts to permit it to amend the claim to conform to the technical form requirements. To hold otherwise is to put form over substance.

### IT IS ORDERED THAT:

1. Beatrice Foods Co. is allowed to file its Amended Claim subject to future determinations, if any, of the validity, priority, nature and amount of said claim.