**In re ARCTIC ENTERPRISES, INC., Arctic Industries, Inc., Scorpion Industries, Inc., The Get Away, Inc., Arctic Marine, Inc., Arctic Marine Products, Inc., Arctic Recreational Products, Inc., Arctic Sports Products, Ltd., Arctic Lund, Inc., Arctic International Sales Corp., Debtors.**

**ARCTIC ENTERPRISES, INC., Arctic Industries, Inc., Scorpion Industries, Inc., The Get Away, Inc., Arctic Marine, Inc., Arctic Marine Products, Inc., Arctic Recreational Products, Inc., Arctic Sports Products, Ltd. and Arctic Lund, Inc., Arctic International Sales Corp., Plaintiffs,**

v.

**TOUSLEY SPORT CENTER, Defendant.**

Bankruptcy No. 3–81–00280.
Adv. No. 81–0245.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Nov. 19, 1981.

Robert V. Atmore of Lindquist & Vennum, Minneapolis, Minn., for plaintiff.

Richard C. Hiniker of Meyer, Hiniker, Fleming, & Filla, White Bear Lake, Minn., for defendant.

JACOB DIM, Bankruptcy Judge.

Robert .V. Atmore of Lindquist & Vennum appeared for the plaintiff, Arctic Enterprises, Inc. (Arctic).

Richard C. Hiniker of Meyer, Hiniker, Fleming & Filla appeared for the defendant, Tousley Sports Center (Tousley).

The above entitled proceeding came on for a pretrial conference on September 28, 1981 before the Honorable Jacob Dim, Bankruptcy Judge. At the pretrial conference and pursuant to discussions therein, the Court reviewed the counterclaim of the defendant Tousley to consider the validity of the claim in this proceeding and the appropriateness of litigation of that claim in the bankruptcy court.

The plaintiff's complaint seeks recovery of $53,234.68 allegedly due from the defendant as a result of the defendant stopping payment on two checks given to the plaintiff for goods sold and delivered to the defendant. The plaintiff alleges that the actions of the defendant occurred on or about February 20, 1981 while the plaintiff was a debtor-in-possession. The plaintiff further alleges that the actions of the defendant resulted in a preference over other creditors contrary to 11 U.S.C. §§ 547 and 548. The defendant, by answer, has denied the allegations of the complaint and counterclaimed for $50,000.00.

The counterclaim alleges that the plaintiff breached its franchise agreement with the defendant by refusing to sell goods to the defendant subsequent to February 20, 1981. The counterclaim alleges that, as a result, the defendant suffered $50,000.00 damages.

Assuming arguendo, that the defendant's allegations in the counterclaim are correct, the defendant has the right to file a claim pursuant to 11 U.S.C. § 365 for the rejection of an executory contract. The rejection of an executory contract gives rise to a breach of that contract immediately before the date of the filing of the petition. 11 U.S.C. § 365(g).

Since the defendant has raised this claim by answer prior to the deadline for filing claims, it may be filed as a timely claim in this case. *Beatrice Foods Co. v. Hart Ski Mfg. Co., Inc.,* 5 B.R. 326 (Bky. Minn.1980). The debtor-in-possession has the right to contest the validity, amount or priority of the claim, if necessary.

Since the counterclaim raises an issue which properly should be raised by filing of a proof of claim, the counterclaim will be dismissed. The litigation of the dispute unnecessarily would benefit neither party.

Accordingly, IT IS ORDERED that:

1. The counterclaim of the defendant Tousley Sports Center is hereby dismissed with prejudice.

2. The defendant, Tousley Sports Center, shall have 30 days from the date of this order in which to file a claim for any damages arising from the alleged breach.