**In re James David SMITH d/b/a 29 North Mobile Homes and 81 South Mobile Homes, Debtor.**

**Bankruptcy No. 86–01500.**

United States Bankruptcy Court, D. South Carolina.

April 13, 1988.

Joseph M. Jenkins, Greenville, S.C., for trustee.

Daniel B. White, Rainey, Britton, Gibbes & Clarkson, P.A., Greenville, S.C., for Commodore.

Marshall Winn, Wyche, Burgess, Freeman & Parham, P.A., Greenville, S.C., for objecting creditors.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Chief Judge.

By their joint motion, Commodore Savings Association and Commodore Financial Services (hereinafter jointly referred to as

"Commodore") seek a determination that Commodore's correspondence, taken together with other acts of Commodore, constitute a timely "informal" proof of claim capable of amendment by tardily filed formal proofs of claim. Objections to the motion have been filed by Security Pacific Housing Services, Inc., and Borg–Warner Acceptance Corporation.

The objecting creditors, asserting that Commodore's motion should be denied because Commodore's proofs of claim were not timely filed, first argue that the substantive law regarding "informal" proofs of claim has been overturned by the enactment of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2549, as amended.[1]

The equitable practice of allowing informal proofs of claim became established in cases decided under the Bankruptcy Act of 1898, as amended, which disallowed late filed claims.[2] Since § 726(a)(3)[3] of the Bankruptcy Code provides that tardily filed proofs of claim such as that with which we are now concerned shall be afforded third priority in payment upon distribution of the debtor estate, the objecting creditors contend that there is no longer an equitable basis for allowing "informal" proofs of claim.

In the alternative, the objecting creditors argue that even if "informal" proofs of claim are allowable under the Bankruptcy Code, Commodore has not met the minimum requirements for establishing an "informal" proof of claim.

## FACTS

1. Commodore alleges that James David Smith is personally liable for a past due indebtedness of 81 South Mobile Homes, Inc. In order to enforce on the alleged personal guarantees of James David Smith to Commodore, Commodore, on April 22, 1986, filed, in the United States District Court for the District of South Carolina, Greenville Division, the companion cases captioned *Commodore Savings Association v. Smith*, C.A. No. G86–999–3, and *Commodore Financial Services Corporation v. Smith*, C.A. No. G86–1000–3. In those cases, the plaintiffs asserted claims which total $160,076.54.

2. On May 8, 1986, James David Smith, d/b/a 29 North Mobile Homes and 81 South Mobile Homes (the debtor), filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code; thereupon relief was granted.

3. The debtor's schedules list the two Commodore claims—totalling $160,078.54—as unsecured, disputed, and contingent.

4. Commodore advised the clerk of the Bankruptcy Court that Commodore was a creditor of the debtor by a May 29, 1986 letter stating, in part:

I represent Commodore Savings Association and Commodore Financial Services, Inc., creditors of Dr. James David Smith who has filed a chapter 7 petition in your court. Please provide me with copies of the schedules filed by Dr. Smith with your court....

5. Counsel for Commodore met informally with the trustee on July 7, 1986, and attended the first meeting of creditors on July 8, 1986.

6. By a July 9, 1986, letter to the trustee requesting notice of any taking of the

---

1. Further references to the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) shall be by section numbers only.

2. Section 57(n) of the Bankruptcy Act of 1898, as amended, provided, in part: Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed.... When in any case all claims which have been duly allowed have been paid in full,

claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case.

3. Section 726(a)(3) provides: Except as provided in section 510 of this title, property of the estate shall be distributed— ... (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection; ....

debtor's deposition, Commodore stated, "[a]s you are aware, my clients have a large claim against Dr. Smith."

7. October 6, 1986, was the last day for filing proofs of claim in this case.

8. Commodore filed two formal proofs of claim on November 25, 1986.

9. On June 5, 1987, Commodore filed the motion presently under consideration which is styled "Motion for Allowance of Claims".

10. Security Pacific Housing Services, Inc., and Borg-Warner Acceptance Corporation ("the objecting creditors"), on July 15, 1987, have filed objections to Commodore's "Motion for Allowance of Claims".

11. There has been no distribution to any creditor in this bankruptcy case.

## ISSUE

Has Commodore effectuated a timely, informal proof of claim amendable and allowable under the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2549, as amended?

## DISCUSSION

For reasons given below, the conclusion is reached that: (1) informal proofs of claim are valid under the Bankruptcy Code, and (2) the letter of Commodore's counsel to the clerk of the Bankruptcy Court dated May 29, 1986, and the letter of Commodore's counsel to the trustee dated July 9, 1986, together with the listing of Commodore's unsecured claims on the debtor's schedules, and Commodore's attendance at the first meeting of creditors, constitute an informal proof of claim capable of formal amendment after expiration of the bar date.

**I**

**A**

Commodore failed to file timely a formal proof of claim. Section 501[4] governs the means by which creditors present their claims or interests to the court. Bankruptcy Rule 3002(c) requires that "In a chapter 7 liquidation ... a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a)...." No other exception to Bankruptcy Rule 3002(c)—except, possibly, subsection (6) thereof—appears applicable. Therefore, unless Commodore has entered a timely informal proof of claim, distribution of the estate would be effectuated according to § 726(a)(3).[5]

**B**

■ Although the objecting creditors assert that the substantive law relating to "informal" proofs of claim does not pertain under the Bankruptcy Code, they offer no authority for their assertion.

It has been stated that the enactment of the Bankruptcy Code has not altered the substantive law regarding informal proofs of claim. *In re Hart Ski Manufacturing Co., Inc.*, 6 B.C.D. 697, 698, 5 B.R. 326, 327 (Bankr. D.Minn.1980); and *In re Clapp*, 57 B.R. 921, 924, 14 C.B.C.2d 408, 411 (Bankr. D.Minn.1986). *See also*, the following cases, in which a finding that the Bankruptcy Code has not overturned the substantive law regarding "informal" proofs of claim is implicit: *Dabney v. Addison*, 65 B.R. 348 (D. Va.1985); *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789 (D. Va.1985), *aff'd without opinion*, 755 F.2d 928 (4th Cir.1985); *In re Rite Autotronics Corp.*, 10 B.C.D. 316, 27 B.R. 599

---

**4.** Section 501 states: *Filing of proofs of claims or interests.*

    (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file *a proof of interest*. (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim. (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may

file a proof of such claim. (d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h), or 502(i) of this title [11 USCS § 502(e), (f), (g), (h), or (i)] may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.

**5.** As Commodore had notice of the bankruptcy case, § 726(a)(2)(C) does not apply.

(9th Cir.Bankr.App. Panel 1982); and *In re Basche–Sage Hardware Company*, 56 B.R. 3 (Bankr. D.Or.1985).

## II

Commodore has met its burden of establishing an informal proof of claim.

■ An informal proof of claim in the form of a letter, if timely, may qualify for formal amendment after the bar date. *Fyne v. Atlas Supply Co.*, 245 F.2d 107, 108 (4th Cir.1957); *Scottsville National Bank v. Gilmer*, 37 F.2d 227, 229 (4th Cir.1930); *In re Franciscan Vineyards, Inc.*, 597 F.2d 181 (9th Cir.1979); *In the Matter of Gibralter Amusements, Ltd.*, 315 F.2d 210 (2nd Cir.1963); *In re Anderson–Walker Industries, Inc.*, 798 F.2d 1285 (9th Cir.1986); and *In re Basche–Sage Hardware Company*, 56 B.R. 3 (Bankr. D.Or.1985).

In *Fyne*, the court addressed the issue of whether sufficient notice of a claim had been given in the course of the bankruptcy case to warrant the allowance of the claim upon a creditor's subsequent filing a formal amended claim. That creditor, which sought amendment of its informal proof of claim, (1) had obtained a judgment against the bankrupt, which judgment served as the basis upon which other creditors filed an involuntary petition that resulted in W.H. Calder Company's adjudication as a bankrupt; (2) held a claim scheduled by the bankrupt, which amounted to one-half of the bankrupt's indebtedness; and (3) was represented at the first meeting of creditors by an attorney who had written a letter to the trustee regarding the claim in issue.

The court, in *Fyne*, at 108, stated:

We agree that mere knowledge on the part of the trustee or of the referee in bankruptcy as to the existence of a claim is not sufficient basis for allowing the filing of an amended claim nor is the listing of the claim in the bankrupt's schedule's sufficient. Here, however, there is much more than this. There is not only the letter of counsel for claimant to counsel for the trustee which amounts to an assertion of a right in the estate, and the participation of counsel for claimant in the first meeting of creditors, but there is also the fact that the bankruptcy proceeding itself shows upon its face that it was based upon proceedings taken by claimant for collection of the claim. Under such circumstances, it would be unjust to deny to claimant the right to file formal claim and participate in the distribution of assets.

■ In the case at bar, the objecting creditors, citing *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789, 790 (D.Va.1985), *aff'd without opinion* 755 F.2d 928 (4th Cir.1985), state that, at the very least, an informal proof of claim must be a writing which contains a demand against the debtor and manifests an intention to hold the debtor liable. In that case, the creditor seeking amendment of his informal proofs of claim was the chief executive and major shareholder of the debtor.

■ Under the present facts, the two letters written by Commodore, when taken together with Commodore's participation, constitute by implication a demand against the debtor and a manifestation of intent to hold the debtor liable.

Although, the debtor's schedules listed Commodore as holding disputed and contingent unsecured claims totalling $160,078.54, there is no writing by Commodore to the trustee or to the bankruptcy court which lists the amount of Commodore's claim.

While the objecting creditors assert that in the following cases recognizing an informal proof of claim, there was a writing by the creditor setting forth the specific amount of the claim: *Dabney v. Addison*, 65 B.R. 348 (E.D. Va.1985); *In re Anderson–Walker Industries, Inc.*, 798 F.2d 1285 (9th Cir.1986); *In re Butterworth*, 50 B.R. 320 (W.D. Mich.1984); *In re Oxbridge Investment Group*, 43 B.R. 418 (Bankr. D.N.H.1984); and *In re Basche–Sage Hardware Company*, 56 B.R. 3 (Bankr. D.Or.1985), there are at least two Fourth Circuit bankruptcy cases in which the only written indication of the amount of the creditors' claims were the figures

shown in the bankrupt's schedules filed in the Bankruptcy Court. *Fyne v. Atlas Supply Co.,* 245 F.2d 107 (4th Cir.1957); *Scottsville National Bank v. Gilmer,* 37 F.2d 227, 229 (4th Cir.1930). *See also, In re Clapp,* 57 B.R. 921, 924, 14 C.B.C.2d 408, 411 (Bankr. D.Minn.1986); *In re Hart Ski Manufacturing Co., Inc.,* 6 B.C.D. 697, 698, 5 B.R. 326, 327 (Bankr. D.Minn.1980); and *In re Rite Autotronics Corp.,* 10 B.C. D. 316, 27 B.R. 599 (9th Cir. BAP 1982).

 The party seeking to amend an informal proof of claim bears the burden of proof, *In re Horvath,* 20 B.R. 962, 966, 6 C.B.C.2d 1302 (Bankr.S.D.N.Y.1982), *In re Benedict,* 14 B.C.D. 1323, 65 B.R. 95 (Bankr. N.D.N.Y.1986); Commodore has met its burden. There are two letters by Commodore in the record, one to the clerk of court and one to the trustee, which indicate that Commodore is a creditor of the debtor pursuing its claim against the debtor. Commodore is listed in the debtor's schedules as holding two unsecured claims totalling $160,078.54. Counsel for Commodore attended the first meeting of creditors. These facts, taken together, establish an informal proof of claim capable of later amendment. *See, Scottsville National Bank v. Gilmer, supra,* in which the court found, *inter alia,* that the listing of the amount of the claim in the bankrupt's schedules and the creditor's attendance at the first meeting of creditors as important elements in the establishment of the creditor's informal proof of claim. *See also, Fyne, supra.*

As stated in *In re Hart Ski Manufacturing Co., Inc.,* 6 B.C.D. 697, 698, 5 B.R. 326, at 328 (Bankr. D.Minn.1980):

> The court is not unmindful of the need for a cut-off date for filing claims for the efficient and orderly administration of the bankruptcy case. But this cut-off time does not apply to claims clearly and sufficiently asserted within the filing period set.

## CONCLUSION

The letter of Commodore's counsel to the clerk of the Bankruptcy Court dated May 29, 1986; the letter of Commodore's counsel to the trustee dated July 9, 1986, together with the listing of Commodore's unsecured claim on the debtor's schedules, and Commodore's attendance at the first meeting of creditors effectuated an amendable informal proof of claim.

## ORDER

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that Commodore has effectuated a timely, informal proof of claim amendable and allowable under the Bankruptcy Code.