**In re L. Reginald FAUST and Diane T. Faust, Debtors.**

**Bankruptcy No. 92–75984.**

United States Bankruptcy Court, D. South Carolina.

June 27, 1994.

George Richard Parks, Jr., Charles B. Merrill, Merrill, Stone & Parks, Swainsboro, GA, for debtors.

Steven M. Webster, U.S. Dept. of Justice, Washington, DC, for creditor.

### ORDER

WM. THURMOND BISHOP, Bankruptcy Judge.

This matter is before the Court on debtors' objection to the proof of claim filed by the United States for priority income tax debts. Debtors contend that the claim should not be allowed because it was filed more than ninety (90) days following the petition date. The United States contends that (1) their formal proof of claim merely amended a timely informal claim and thus, the amended claim should be allowed; (2) the claim should be allowed on equitable grounds; and (3) claims cannot be disallowed under Section 502 of the Bankruptcy Code due to the time of filing.

### SUMMARY OF FACTS

On October 21, 1992, the Debtors filed the instant case with this Court listing the Internal Revenue Service ("IRS") as a creditor. The address listed in the Debtors' petition for the IRS was their Atlanta office at 401 W. Peachtree, NW, Stop 334–D, Atlanta, Georgia 30365 and additionally listed the U.S. Attorney at 1441 Main Street, Ste. 500, Columbia, South Carolina 29201. On October 29, 1992, the IRS office in Columbia, South Carolina received notice of debtors' petition.

This Court's Notice of Commencement of Case under Chapter 12 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates provided in part, as follows:

> PROOF OF CLAIM. Except as provided by Law, in order to share in any payment from the estate, a creditor must file a proof of claim by the date set forth above labeled "Filing of Claims" . . .

The deadline to file a proof of claim was set for February 15, 1993.

The Columbia office of the IRS reviewed its records with respect to the debtors' prepetition federal tax liabilities and found the following: that no tax liabilities existed for years prior to 1990, that debtors' 1990 tax liability was approximately $35, and that debtors' 1991 federal income tax return had not yet been filed.

The Columbia IRS office did not immediately file a proof of claim because the $35 tax liability from 1990 was *de minimis,* no prior tax problems existed for the debtors, and no other tax liabilities were apparent. Prior to closing its bankruptcy file on the debtors, on November 3, 1992, the Columbia IRS office issued a letter to the debtors, with a copy to debtors' counsel, specifically instructing the debtors that "[c]urrent [tax] returns should also be mailed to this [the Columbia] office as

they become due. We will forward them to the appropriate service center." Mr. Faust testified that he does not remember receiving the letter but admits that the address on the letter is his correct address. The IRS also sent a copy of this letter to the debtor's attorney.

A few weeks after the petition for bankruptcy was filed, on November 16, 1992, the debtors filed their 1991 federal income tax return with the Atlanta IRS Service Center. The 1991 return was filed after the due date for the return and reported a tax liability of approximately $18,347. The debtors did not send a copy of their 1991 tax return to the Columbia IRS office.

The Meeting of Creditors was held at the scheduled time and place on November 16, 1992, and neither the IRS nor its counsel was in attendance. There was no contact between the IRS and the Debtor until a formal proof of claim for the unpaid taxes was filed on June 2, 1993, to which the Debtor objected as not timely filed.

On or about February 8, 1993, Debtors filed with the Court a document titled "Debtor Summary of Chapter 12 Plan" (the "Summary") which listed the IRS as priority creditor with a claim amount of $18,400.

It is undisputed that the amounts of the Debtors' income tax liabilities are $759 and $52,355, respectfully, for 1990 and 1991.

On November 23, 1993, the IRS amended the proof of claim filed on June 2, 1993, to which the Debtors objected.

Before the Court are following issues:

1. Whether the Debtors' Summary of Chapter 12 Plan listing the IRS as a priority creditor with a claim amount of $18,400 constitutes an informal proof of claim which may be later amended.

2. Whether the equities of the situation support the allowance of the claim.

3. Whether the claim should be allowed under statutory grounds.

### ARGUMENTS AND CITATION OF AUTHORITY

**1. WHETHER THE DEBTOR SUMMARY OF CHAPTER 12 PLAN LISTING**

**THE IRS AS A PRIORITY CREDITOR WITH A CLAIM AMOUNT OF $18,400 CONSTITUTES AN INFORMAL PROOF OF CLAIM WHICH MAY BE LATER AMENDED.**

The IRS asserts that the "Summary" which listed the IRS as a priority creditor with a claim amount of $18,400, attached to the Debtors Plan of Arrangement and filed with the Court on or about February 8, 1993, should be treated as an informal proof of claim. The IRS cites *In re Smith,* 100 B.R. 289 (Bkrtcy.D.S.C.1988), *affirmed,* 100 B.R. 293 (D.S.C.1989) as its authority. Although, *Smith* does support the proposition that informal proofs of claims may be allowed, the District Court focused on the actions of the Creditor after the filing of the bankruptcy case to determine whether the Creditor's actions constituted sufficient notification to the Debtor of the Creditor's claim, *Smith* at 297. In *Smith* the Court found that more than the Debtor's listing of the Creditors claim was required. The Creditor had sent a letter to the Clerk of the Bankruptcy Court indicating the Creditor's status and requested copies of the Debtor's schedules, Creditor's counsel met with the interim Trustee regarding the schedules, Creditor's counsel attended the first creditors's meeting and Creditor sent a letter to the Trustee regarding a deposition and stated that Creditor had a "large claim" against the Debtor. In the instant case, the only contact the IRS had with either the Debtor, the Trustee, or the Court prior to the deadline for filing proofs of claim was the letter from the IRS dated November 3, 1992, which set out certain administrative requirements and set forth no allegations of any claim against the Debtors.

In its Motion, the IRS takes the position that actions of the Debtor (i.e. listing the IRS as a priority creditor in its Debtor Summary of Chapter 12 Plan) are sufficient by themselves to create an informal proof of claim. In *Scottsville Nat. Bank v. Gilmer,* 37 F.2d 227 (4th Cir.1930) the Court allowed the filing of an amended claim and in so doing found that the creditor Bank had numerous conferences with the Trustee, the trustee had worked closely with the Trustee in administering the estate, had bid on all of the real

estate offered at an auction sale held by the Trustee, had bought the largest item of property, was the next highest bidder on all other real estate offered, and in the opinion of the Trustee, through the efforts of the creditor the value of the estate had increased at least fifty percent. In that case no formal proof of claim was filed and a late claim was brought before the Court. The Court held that the actions of the Creditor and correspondence with the Trustee constituted notice to the Trustee that the Creditor had a claim against the bankrupt estate and that all these actions led to the conclusion that there was sufficient contact in the record to justify the Creditor's being allowed to file an amended claim. *Scottsville National Bank* at 229.

Additionally, the IRS looks to *Fyne v. Atlas Supply Company,* 245 F.2d 107 (4th Cir.1957), but its reliance is without a proper basis. *Fyne* at 108, states the following:

> We agree that mere knowledge on the part of the Trustee or of the Referee in Bankruptcy as to the existence of a claim is not sufficient basis for allowing the filing of an amended claim nor is the listing of the claim in the Bankrupt schedules sufficient. Here, however, there is much more than this. There is not only the letter of counsel for claimant to counsel for the Trustee which amounts to the assertion of a right in the estate, and the participation of counsel for claimant in the first meeting of creditors, but there is also the fact that the Bankruptcy proceedings taken by claimant for the collection of the claim. Under such circumstances, it would be unjust to deny the claimant the right to file formal claim and participate in the distribution of assets.

*Fyne* held that a *creditor* may file an amended claim after the deadline has passed provided that "sufficient notice of the claim has been given in the course of the bankruptcy proceeding ..." *Fyne,* supra, 245 F.2d at 107. *Accord Wilkens v. Simon Brothers, Inc.* 731 F.2d 462, 464 (7th Cir.1984) (citing *Hutchinson v. Otis,* 190 U.S. 552, 555, 23 S.Ct. 778, 779, 47 L.Ed. 1179 (1903)); *Sun Basin Lumber Co. v. United States,* 432 F.2d 48, 49 (9th Cir.1970). Although some courts have required that the informal proof of claim be in writing, *e.g., In re McCoy Management Services, Inc.,* 44 B.R. 215, 217 (Bankr.W.D.Ky.1984), *Fyne* and an earlier Fourth Circuit case, *Scottsville National Bank v. Gilmer,* 37 F.2d 227 (4th Cir.1930), would permit the filing of an amended proof of claim even in cases where there has been no prior written filing.

 None of these cases, however, supports the filing of an amended claim in the case. For an amended claim to be allowed in the absence of a prior written informal claim, the creditor in question must undertake some affirmative action to constitute sufficient notice that he has a claim against the estate. *In re Davis,* 936 F.2d 771, 775 (4th Cir.1991); *Dabney v. Addison,* 65 B.R. 348, 351 (E.D.Va.1985). Mere knowledge of the claim on the part of the Trustee is not sufficient notice to permit an amended claim, nor is the listing of the claim in the debtor's schedule sufficient. *Id.* In all of the cases on which the IRS relies, the creditors actively participated in the bankruptcy proceeding. Moreover, in *Scottsville* and *Dabney* the courts based their decision to allow an amended claim in part on the fact that the creditors' efforts had increased the value of the debtors' estates. *Scottsville, supra,* 37 F.2d at 229; *Dabney, supra,* 65 B.R. at 352.

 In the present case, the IRS did nothing that would alert other parties to the presence of its claim. Again, the Court holds that actions of the creditor are required to assert its claim and put the Debtor on notice of such claim. The IRS purports that the above cases stand for the premise that the Debtors' schedules are sufficient since they list the amount and type of claim and put others on notice. Courts have allowed the Debtors' indication of the amount of the claim to fulfill that portion of the proof of claim, (namely the amount) but have required the Creditor to take certain actions, *Smith* at 296.

Based on the above, the Court finds that the IRS did not take actions sufficient to put the Debtors on notice of its intention to make a claim against the bankrupt estate and the actions taken by the Debtors are not suffi-

cient to give rise to the status of an informal proof of claim.

## 2. WHETHER THE EQUITIES SUPPORT THE ALLOWANCE OF THE CLAIM.

The United States argues that the claim should be allowed based on equitable grounds. In discussing the equities of allowing informal claims, the Fourth Circuit stated in *Scottsville*, at 229:

> [t]he bankruptcy court is a court of equity, and endeavors wherever possible to do equity and the trend of modern decisions is uniformly toward the greatest liberality in the allowance of the filing of amended proofs of claim, where there is anything in the record to justify such course of action.

Although this case does not present a strict notice question, it is analogous to cases considering "notice" because the issue here is notice as to the *existence* of a tax liability. Therefore, the cases which consider whether proper notice was given to the IRS are instructive. The court in *In re Cole*, 146 B.R. 837 (D.Colo.1992), considered whether notice provided to the IRS service center was effective to properly notify the IRS. The district court reversed the bankruptcy court's denial of a late-filed claim, holding that the strict limits on extensions to file claims do not apply where the creditor lacks effective notice.

The court in *Cole* was concerned with the due process requirements in notice to file a proof of claim. The court cited with approval *In re Johnson*, 95 B.R. 197 (Bankr.D.Colo.1989) wherein the "court reasoned that because notice to the government is often subject to specific requirements, debtor should pay special attention to 'insure timely and meaningful notice to government agencies, as well as other creditors.' " *Cole* at 843, citing *Johnson* at 203. The case was remanded to the bankruptcy court for a determination of whether the notice was fair and reasonable under the circumstances. *See also In re Johnson*, 95 B.R. 197 (Bankr.D.Colo.1989)

(notice to IRS inadequate where not sent to a specific, appropriate IRS address, preferably to the attention of a designated department, to an authorized official, or in accordance with local requirements instead of a service center); *In the Matter of Mmahat*, 73 A.F.T.R.2d 94–829, 1993 WL 638191 (Bankr. E.D.La.1993); contra *In re Daniel*, 107 B.R. 798 (Bankr.N.D.Ga.1989).

■ Debtors' position that mailing their tax return to the Atlanta IRS Service Center was effective to notify the Columbia IRS bankruptcy unit of the existence of an income tax debt is contrary to Fifth Circuit cases which have considered notice to a governmental agency.[1] The court in *United States Small Business Administration v. Bridges*, 894 F.2d 108 (5th Cir.1990), in discussing whether notice to one portion of a government agency is adequate, stated, at 113:

> One case has held that the notice or actual knowledge of one portion of an agency cannot be imputed to another portion of the same agency. *U.S. Metal Products Co. v. United States*, 302 F.Supp. 1263, 1270 (E.D.N.Y.1969).... The rationale of these cases relating to the "actual knowledge" of a government agency is that the government must have a meaningful opportunity to protect its rights in a bankruptcy proceeding. When a debtor is at fault by failing to comply with the Bankruptcy Code's requirements to properly list creditors and schedule debts, the United States government should not, and as a practical matter cannot, be charged with knowledge of the implications contained in each piece of paper—among the stream of documents entering its various offices each day—unless the agency particularly responsible for and familiar with the claims against the debtor has notice or actual knowledge of the debtor's bankruptcy case. *Even within an individual agency, given the formidable infrastructure of many of the government entities, automatic imputation of notice or actual knowledge from*

---

1. *Compare United States v. Norris Grain Co.*, 131 B.R. 747 (M.D.Fla.1990), *aff'd without opinion*, 969 F.2d 1047 (11th Cir.1992), in which the late filed claim of the IRS was held disallowed, is significantly dissimilar from the instant case as

the IRS Special Procedures Function in *Norris Grain* was mailed a copy of the debtor's income tax return filed in Atlanta during the first 90 days of bankruptcy. Here, the debtors never mailed a return to the Columbia IRS Bankruptcy office.

*one branch office to another is seldom a viable concept.*

See also *Miller v. Farmers Home Administration,* 16 F.3d 240 (8th Cir.1994); *National Union Fire Ins. Co. of Pittsburgh v. Main,* 157 B.R. 786 (W.D.Penn.1992).

■ Courts reviewing the issue of whether late filed claims should be allowed, and how they should be treated, are understandably concerned with finality. *See, e.g., In re Rago,* 149 B.R. 882, 888 (Bankr.N.D.Ill.1992). Courts have permitted, in Chapter 7 cases, different treatment of tardy claims in plans, allowed equitable subordination of priority claims filed late without an excuse, or permitted full payment if the tardy claim is filed prior to distribution. *Id.* at 889–90. Whether to treat a tardy claim differently from a timely claim in a Chapter 13 case may be made on a case-by-case basis, examining the equities of the situation.

■ The IRS analogies this Chapter 12 case to the recent Chapter 11 case of *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The IRS posits that its late filed claim should be allowed pursuant to Bankruptcy Rule 9006(b)(1) which permits the court to enlarge the period for filing a proof of claim upon a finding of excusable neglect. However *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) states

> The "excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claims in Chapter 11 cases but not in Chapter 7 cases.

—— U.S. at ——, 113 S.Ct. at 1495, 123 L.Ed.2d at 85.

The IRS's reliance on *Pioneer* is misplaced. Bankruptcy Rule 3002(c), which governs the filing of proofs of claims in Chapter 12 cases as well as in Chapter 7 cases, provides that, with six enumerated exceptions, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors. By the operation of Bankruptcy Rule 9006(b)(3) on Rule 3002(c), creditors in a Chapter 12 proceeding who do not file a proof of claim within 90 days after the creditors' meetings are barred from filing such a claim, whether or not there was a good reason for the failure to timely file. *See, e.g. Coastal Alaska Lines, Inc. v. Forsch,* 920 F.2d 1428, 1432 (9th Cir.1990); *In re Shelton,* 116 B.R. 453, 454 (Bankr.D.Md.1990); *In re Morris Paving Co.,* 92 B.R. 161, 162 (Bankr. W.D.Va.1988).

■ The debtors contend that mailing their 1991 income tax return to the Atlanta Service Center was adequate to apprise the United States as to the existence of their tax liability in time to file a claim within the 90 days following the petition. This court, however, finds that it would be inequitable under these circumstances to deny the claim. To hold otherwise would allow a debtor to essentially "play hide and seek" with the United States over existing, but inadequately disclosed, tax debts.

First, the debtors acknowledge the existence of at least a portion of their tax liability in the Plan Summary filed with the Court within the 90 day period. Second, due to the petition for bankruptcy being filed shortly before the debtors' 1991 income tax return was filed, and due to the return being mailed to the Atlanta Service Center, the Columbia IRS bankruptcy office was unaware of the existence of debtors' tax liabilities when it examined the records to determine whether a claim should be filed. The Columbia office, which exclusively handles the filing of tax claims in bankruptcy cases in South Carolina, performed a standard review of its records which showed a tax liability of $35. The amount being minor, the Columbia office declined to file a claim and closed its file. The IRS notified the debtor by letter to file a copy of current tax returns with the office in Columbia. The IRS sent a letter to the debtor, as well as to debtor's attorney, requesting the debtor to file a copy of the return with the Columbia office. No evidence was presented at the hearing that debtors' attorney did not receive this letter, the substance of which would impose a duty on the attorney to insure compliance with the directive. Both South Carolina and Georgia have separate offices within each state to handle the filing of claims in bankruptcy in that state. The IRS cannot handle all taxpayer matters at each and every location as

**438**

debtors seem to suggest, and it is unfair and unequitable for the debtor to object to the filing of the IRS claim when the debtor did not provide notice the IRS requested.

■ Third, as it is the clear responsibility of each taxpayer to report their tax liability by filing a tax return, the debtors cannot obtain the full benefits of the Bankruptcy Code without having satisfied the provisions under Title 26 in a manner to reasonably provide notice of the existence of a liability so as to allow the timely filing of a claim by the United States. Until an income tax return is filed and the tax liability is reported, the government is not aware of any specific income tax liability without conducting a formal inquiry. This debtor-creditor relationship is unlike the typical vendor/vendee relation where the existence of a debt is certain. It is difficult for a creditor to file a claim for a debt of which it is not aware. The equities cannot support the debtor in this instance.

**3. WHETHER THE CLAIM SHOULD NOT BE DISALLOWED DUE TO THE TIME OF FILING.**

Due to the foregoing, this Court need not decide the final issue raised by the United States, which is whether the claim should be disallowed due to its "lateness" as argued by the debtors.

IT IS THEREFORE ORDERED that debtors' objection to the proof of claim for unpaid taxes is overruled because the debtor did not provide the IRS with information as requested by the IRS in order for the IRS to timely file a claim. The claim of the United States is allowed pursuant to principles of equity and fairness in the amount of debtors' pre-petition tax liabilities.