### In re ELLECO, INC., Debtor.

### No. C/A 00–06215–W.

United States Bankruptcy Court, D. South Carolina.

June 14, 2002.

Charles S. Altman, Charleston, SC, J. Edward Bradley, West Columbia, SC, George Barry Cauthen, Columbia, SC, Robert E. Culver, Charleston, SC, Amish R. Doshi, New York City, C. Allen Gibson, Jr., Charleston, SC, W. Andrew Gowder, Jr., Pratt–Thomas, Pearce, Epting, Walker, Charleston, SC, Robert Grawl, Jr., Assistant General Counsel, Houston, TX, Peggy M. Infinger, Charleston, SC, Lawrence Wilbur Johnson, Jr., Columbia, SC, Amy Campbell Kelly, Mt. Pleasant, SC, Mark W. McKnight, Paul F. Tecklenburg, David Brian Wheeler, Charleston, SC, for creditor.

Michael H. Conrady, Mount Pleasant, SC, for Kevin Campbell.

R. Michael Drose, North Charleston, SC, for debtor.

John Timothy Stack, Office of the United States Trustee, Columbia, SC, for Office of the U.S. Trustee.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Motion for Leave to File Amended Proof of Claim (the "Motion") filed by United States Fidelity & Guaranty Co. ("USF & G"). Prior to the bankruptcy, USF & G issued two bonds to Elleco, Inc. ("Debtor"), a labor and material payment bond and a performance bond. Pursuant to these bonds, USF & G agreed to act as a surety and make payments on Debtor's behalf in the event Debtor failed to perform its obligations on two construction projects, the Berkeley County sewer extension project and the Paramount Drive sidewalk project. Although USF & G would make these payments for Debtor, USF & G held rights of indemnification against Debtor for these payments. USF & G now seeks to recover from Debtor's bankruptcy estate the following claims it paid as surety related to the construction projects: Cornerstone Surveying ($3,548.50 paid on November 3, 2000), Sani–Tech ($5,248.48 paid on January 22, 2001), Land and Utility Surveying ($3,600.00 paid on February 12, 2001), and Tarmac America, Inc. ($48,000.00 paid after the claims bar date). Of these creditors that USF & G paid, only Sani–Tech filed a formal proof of claim.[1] USF & G does not dispute that it did not file a formal proof of claim before the claims bar date; however, it argues that its actions prior to the bar date constitute an informal proof of claim that may be amended by way of a formal proof of claim for the three remaining claims it paid on Debtor's behalf.[2] As the basis for its informal proof of claim, USF & G relies on the cumulative

---

**1.** At the hearing, the parties stipulated that the Sani–Tech claim was not at issue and that USF & G would be assigned Sani–Tech's claim.

**2.** The deadline for filing a proof of claim was December 14, 2000. USF & G filed its proof of claim on February 4, 2002.

effect of the following acts: (1) USF & G's attendance at Debtor's first meeting of creditors on August 30, 2000, (2) USF & G's attendance and participation at the 2004 Examination of Lynn Platt, President of Debtor, on September 14, 2000, (3) USF & G's discussions with Debtor's attorney regarding the Tarmac America, Inc. litigation wherein Tarmac was suing Debtor, two of its principals, and USF & G for Debtor's failure to make payments to Tarmac America, Inc. as a supplier in the Paramount Drive sidewalk project, (4) USF & G's fulfilling its role as surety under the bonds as it paid Cornerstone Surveying's claim against Debtor and assumed Debtor's defense in the Tarmac America, Inc. litigation and ultimately resolved the matter, and (5) USF & G's filing a Notice of Appearance in Debtor's case on October 4, 2000. According to USF & G, all interested parties including the Trustee were aware of the claims against Debtor that USF & G paid before and after the claims bar date; moreover, all interested parties knew of Debtor's bonds, USF & G's role as surety, and that, after paying claims under the bond, USF & G would be assigned such claims against Debtor. The Trustee, however, argues that USF & G's actions do not rise to the level of an informal proof of claim as the acts did not provide sufficient notice to the Court and other parties of USF & G's intent to seek repayment from the estate for the claims it paid pursuant to the labor and material bond and the performance bond and that, failing the timely filing and assignment of claims, USF & G should not be paid from the estate.

 This Court has recognized informal proofs of claim as a means of relieving creditors from failing to file a formal proof of claim of the type specified in Rule 3001(a) within the time specified in Rule 3002(c). *See In re Delacruz,* 2002 WL 362755, at \*2 (Bankr.D.S.C.). Under the informal proof of claim doctrine, if a creditor's actions before the expiration of the deadline to file a claim constitutes an informal proof of claim, the creditor is allowed to amend the informal proof of claim with a formal proof of claim complying with Rule 3001(a). *See In re Scott,* 2001 WL 1855035, at \*1 (Bankr.M.D.N.C.). In the Fourth Circuit, the guiding principle for determining whether a claim qualifies as an informal proof of claim is that there must be sufficient notice of the claim given during the course of the bankruptcy proceeding. *See Davis v. Columbia Constr. Co., Inc. (In re Davis),* 936 F.2d 771, 775 (4th Cir.1991) (citing *Fyne v. Atlas Supply Co.,* 245 F.2d 107 (4th Cir.1957)). Stated differently, the creditor must affirmatively act to alert other parties to the presence of its claim. *See Davis,* 936 F.2d at 776. An informal proof of claim may exist where there is no prior written filing with the court, and whether a document or an action will be treated as an informal proof of claim depends upon the substance of the document or action and the particular circumstances of the case. *See Davis,* 936 F.2d at 775; *In re Graves,* 2001 WL 1699649, at \*3 (Bankr.M.D.N.C.). Finally, the Fourth Circuit has adopted a liberal view toward finding an informal proof of claim where, if there is anything in the bankruptcy case's record that *establishes a claim,* the informal proof of claim may be amended when substantial justice will be done by allowing the amendment. *See Fyne,* 245 F.2d at 108 (citing *In re Fant,* 21 F.2d 182, 183 (W.D.S.C.1927)) (emphasis added).

Upon its review of recent case law in the Fourth Circuit, the Court is guided by the following decisions where courts have decided, as this Court once phrased it, whether creditors "actively participated in the bankruptcy proceeding" sufficiently to constitute an informal proof of claim. *In*

re Faust, 180 B.R. 432, 435 (Bankr.D.S.C. 1994). Courts have found that creditors affirmatively alerted other parties of a claim or actively participated in a bankruptcy case by filing the following with the court: a motion for relief from the automatic stay[3], an objection to confirmation of a debtor's plan[4], an adversary proceeding against the debtor[5], and documents that are not official proofs of claim forms.[6] In addition, the Fourth Circuit found that an informal proof of claim existed where the creditor's claim was included in the debtor's schedules, the claim constituted nearly half of the debt the estate owed, creditor's attorney attended the first meeting of creditors, and creditor's attorney corresponded with and participated in several conferences with the trustee. *See Fyne*, 245 F.2d at 108. In contrast, where the I.R.S. took no action to alert other parties of the presence of its claim during the pre-bar date period, courts have ruled that no informal proof of claim exists. *See Davis*, 936 F.2d at 776; *Faust*, 180 B.R. at 435 (finding that the I.R.S.'s sending an administrative letter to the debtors requesting tax returns and having its claim included the debtors' schedules did not rise to the level of an informal proof of claim).

In this case, the Court must decide whether filing a notice of appearance with the Court, attending and participating in the first meeting of creditors and the 2004 Examination of Debtor's President, and negotiating the settlement of a claim on Debtor's behalf under a labor and material payment bond constitute an informal proof of claim. The Court believes these acts do not cumulatively compose an informal proof of claim. Indeed, the Court compares these acts to the cases previously cited and concludes that, in most instances where an informal proof of claim is found, the creditor has actively participated in the bankruptcy case by filing a motion or pleading or taken some other affirmative action with the court that asserts a specific claim and an intent to collect that debt from the estate. In this case, USF & G filed no motion or other document that

---

3. See *Graves*, 2001 WL 1699649 at *4 (ruling that a motion for relief from the stay filed before the claims bar date supplied much of the information called for in the official proof of claim form, sufficiently revealed that the creditor had a claim against the debtor, and indicated the creditor's intent to have its claim paid by the estate); *In re Marohn*, 1997 WL 866612, at *4 (Bankr.E.D.Va.) (ruling that a motion for relief from the stay filed within the claims bar date could be considered a timely informal proof of claim).

4. See *Hardgrave v. La Rock (In re Hardgrave)*, 1995 WL 371462, at *3–4 (4th Cir.) (ruling that an objection to a debtor's confirmation constituted an informal proof of claim where the creditor also attended the first meeting of creditors and actively questioned the debtor, filed an objection to confirmation and argued his position at two confirmation hearings, and increased the value to the bankruptcy estate by convincing the bankruptcy court that the debtor could make a higher plan payment).

5. See *Delacruz*, 2002 WL 362755 at *2 (ruling that an adversary proceeding to deny the discharge of the debt owed to the creditor was an informal proof of claim because the adversary effectively gave notice to other parties of the creditor's claim as well as his intent to hold the debtors liable on the debt).

6. See *Scott*, 2001 WL 1855035 at *2 (ruling that a document the creditor filed with the court reflecting an intent to hold the debtor liable on a debt and a demand on the estate for this debt satisfied the requirements of an informal proof of claim); see also *Commodore Sav. Ass'n v. Allen (In re Smith)*, 100 B.R. 293, 297 (D.S.C.1989) (ruling that a letter from the creditor's attorney to the Clerk of the Bankruptcy Court indicating the entity's status as a creditor coupled with the creditor's participation in the bankruptcy case by attending the first meeting of creditors and meeting with the trustee and the debtor's counsel was sufficient to constitute an informal proof of claim).

would alert other parties that it had a claim against the estate. Instead, USF & G filed its Notice of Appearance, but, instead of indicating USF & G's creditor's status, this document merely represents that USF & G is a "party in interest" and requests that USF & G receive all notices, motions, pleadings, and other documents in the case. *Cf. Smith,* 100 B.R. at 294 (finding an informal proof of claim where, among other things, a creditor contacted the Clerk of the Bankruptcy Court, identified itself as a creditor, and requested copies of the debtor's schedules).

Because USF & G did not file a writing that could be viewed as an assertion of a claim, the Court must examine whether its actions before the Court, Trustee, and parties in interest could be viewed as substantively asserting a specific claim against the estate. Indeed, USF & G appeared in this case to the extent it attended and participated in the first meeting of creditors and the 2004 Examination of Debtor's President. However, USF & G presented no evidence to prove that its actions at the first meeting of creditors or the 2004 Examination demonstrated a claim against Debtor and a demand upon the estate to pay it. Moreover, the Trustee's opposition to USF & G's Motion indicates that no claim was affirmatively presented at either of these proceedings. Secondly, while USF & G apparently paid certain contractors' claims and negotiated toward the settlement of others, these acts occurred outside of the bankruptcy case and were pursuant to its duties under the bonds and did not necessarily indicate that USF & G would be looking to the estate to reimburse it. USF & G did not present any evidence at the hearing that the substance of these communications outside of the record of the bankruptcy case indicated to those other parties that USF & G was to have a claim against the estate. Although these acts indicate some degree of participation in Debtor's bankruptcy case, the Court believes that they do not rise to the level of affirmatively alerting other parties and the Court of USF & G's claim of indebtedness and desire to be paid from the estate. While USF & G did indicate that it was a party in interest monitoring Debtor's bankruptcy, which is logical in light of USF & G's role as surety, its acts did not inform other parties that USF & G is the holder of a claim seeking payment of over $50,000.00 against the estate or the basis for that claim.

■ The Court also notes that it cannot rely on the fact that the three claims USF & G paid on Debtor's behalf were listed in Debtor's Schedules as a basis for finding an informal proof of claim. Previously, this Court has ruled that the mere listing of a claim in a debtor's schedules is insufficient to constitute an informal proof of claim. *See Faust,* 180 B.R. at 435.

Finally, the Court addresses an argument USF & G raised at the hearing whereby it asserted that USF & G did not file a proof of claim timely because it was not yet a creditor of Debtor when the proofs were distributed and the creditors whose claims USF & G paid would not file a proof of claim as a practical matter because they knew they would be paid by USF & G pursuant to the bonds and not by the bankruptcy estate. Although this argument is logical, the Court cannot accept it. Clearly, USF & G knew or should have known that it had standing to assert a contingent claim or that it could have conditioned its payment to contractors upon their timely filing and assignment of claims. USF & G has failed to meet its burden of proof on the Motion.

**IT IS THEREFORE ORDERED** that USF & G's Motion is denied and that its actions prior to the deadline for filing

proofs of claim are insufficient to constitute an informal proof of claim.

**AND IT IS SO ORDERED.**