FILED

MAR 28 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

In re:                          )    BAP No.   MT-13-1393-JuKuPa
                                )
MARCELLA LEE BARKER,            )    Bk. No.   12-61445-RBK
                                )
                Debtor.         )
_____ )
                                )
SPOKANE LAW ENFORCEMENT         )
FEDERAL CREDIT UNION,           )
                                )
                Appellant,      )
                                )
v.                              )    M E M O R A N D U M*
                                )
MARCELLA LEE BARKER; ROBERT     )
G. DRUMMOND, Chapter 13         )
Trustee; OCWEN LOAN SERVICING,  )
LLC; UNITED STATES TRUSTEE,     )
                                )
                Appellees.      )
_____ )

Argued and Submitted on March 20, 2014
at Pasadena, California

Filed - March 28, 2014

Appeal from the United States Bankruptcy Court
for the District of Montana

Honorable Ralph B. Kirscher, Bankruptcy Judge, Presiding

_____

Appearances:    Quentin M. Rhoades, Esq., of Sullivan, Tabaracci
                & Rhoades, P.C. argued for appellant Spokane Law
                Enforcement Federal Credit Union; Kraig C. Kazda,
                Esq. argued for appellee Marcella Lee Barker;
                Robert G. Drummond, Chapter 13 Trustee argued pro
                se.

_____

     * This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

-1-

Before: JURY, KURTZ, and PAPPAS, Bankruptcy Judges.

Spokane Law Enforcement Federal Credit Union (SLECU) appeals from the bankruptcy court's order (1) denying its Motion for Allowance of Claims; (2) sustaining the objection to late-filed claims filed by chapter 13[1] trustee, Robert G. Drummond; and (3) disallowing SLECU's proofs of claim nos. 6, 7, and 8 as late filed.[2]  We AFFIRM.

## I.  FACTS

Marcella Lee Barker filed her chapter 13 petition on September 6, 2012.  Debtor listed SLECU as a secured creditor owed $6,646.00 in Schedule D and as an unsecured creditor owed $47,402.00 in Schedule F.[3]  The debts were listed as undisputed and liquidated.

SLECU was properly served with notice that the deadline for filing a proof of claim was January 8, 2013.  The notice further warned:

> If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] Appellees Drummond and Marcella Barker have filed briefs in this appeal.  Appellees Ocwen Loan Servicing, LLC and the United States Trustee have not appeared.

[3] From what we can tell, the debts to SLECU arose from loans made to debtor and her ex-husband, Darryl, for the purchase or refinance of vehicles.  At some point, Darryl sold two vehicles without SLECU's consent.  The Barkers then entered into two modification agreements with SLECU for repayment of those loans which are unsecured.  SLECU evidently still holds a security interest in the other vehicle, a 2004 Ford F-150 truck.

you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid, you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor.

SLECU did not file a proof of claim by the bar date.

On September 19, 2012, debtor filed her chapter 13 plan, which she subsequently amended. Paragraph 2(c) titled "Unimpaired Secured Claims" stated that SLECU's secured claim against the 2004 Ford F-150 truck "will be left unimpaired by the [p]lan, are not provided by the [p]lan and shall receive no payments through the [t]rustee except with regard to those arrearages specified below, if any[.]" No arrearages were listed. The plan was a 100% repayment plan. SLECU had notice of the plan and amended plan. On October 6, 2012, the bankruptcy court confirmed debtor's plan.

In January 2013, Debtor filed a motion to modify her plan along with an amended plan, both of which were served on SLECU. Paragraph 2(c) titled "Unimpaired Secured Claims" deleted SLECU. The bankruptcy court approved the modification by an order entered on February 8, 2013. In March 2013, debtor filed a second motion to modify her plan along with an amended plan, both of which were served on SLECU. The bankruptcy court approved the modification by an order entered on April 2, 2013.

On May 30, 2013, SLECU filed formal proofs of claim nos. 6, 7 and 8 in the amounts of $5,490.78 (secured); $28,293.84 (unsecured); and $24,597.47 (unsecured), respectively. On June 7, 2013, the trustee objected to the proofs of claim on the grounds that they were untimely. SLECU requested a hearing and argued that the late-filed claims should be allowed on the basis

-3-

that a disgruntled employee had failed to timely file the proofs of claim.

On July 31, 2013, SLECU filed a Motion for Allowance of Claims, asserting that debtor's Schedules D and F constituted an informal proof of claim and/or judicial admission of its debt because the schedules listed it. Therefore, according to SLECU, its late-filed proofs of claim should relate back to the informal, scheduled claims. In response, debtor argued that the listing of a creditor in schedules does not constitute an informal proof of claim. Debtor further asserted that bankruptcy courts had no discretionary authority to enlarge the time for filing a proof of claim.

At the August 2, 2013 hearing on the matter, the bankruptcy court found SLECU had not made a written demand to hold debtor liable for the debts and thus the requirements for an informal proof of claim under Ninth Circuit law were not met. The court denied SLECU's motion, sustained the trustee's objection to its late-filed claims, and disallowed SLECU's claims.

The court entered an order consistent with its decision on the same day, finding that: (1) it had no discretion to allow a late filed proof of claim in a chapter 13 case based on the holding in United States v. Osborne (In re Osborne), 76 F.3d 306, 310-11 (9th Cir. 1996); and (2) debtor's scheduling of SLECU's debt did not satisfy the requirements for an informal proof of claim set forth in Wright v. Holm (In re Holm), 931 F.2d 620, 622 (9th Cir. 1991). SLECU timely appealed from this order.

-4-

## II.  JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(B).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Whether the bankruptcy court erred in disallowing SLECU's proofs of claim.

## IV.  STANDARD OF REVIEW

We review the bankruptcy court's disallowance of SLECU's proofs of claim de novo.  Cont'l Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 671 F.3d 1011, 1020 (9th Cir. 2012), cert. denied, 133 S.Ct. 119 (2012); see also Varela v. Dynamic Brokers, Inc. (In re Dynamic Brokers, Inc.), 293 B.R. 489, 493 (9th Cir. BAP 2003) (issues related to disallowance are questions of law reviewed de novo).

Whether a valid informal proof of claim exists in a bankruptcy case is a question of law reviewed de novo.  Pac. Resource Credit Union v. Fish (In re Fish), 456 B.R. 413, 417 (9th Cir. BAP 2011) (citing Pizza of Haw., Inc. v. Shakey's, Inc. (In re Pizza of Haw., Inc.), 761 F.2d 1374, 1377 (9th Cir. 1985)).  De novo review requires the Panel to independently review an issue, without giving deference to the bankruptcy court's conclusions.  See Cal. Franchise Tax Bd. v. Wilshire Courtyard (In re Wilshire Courtyard), 459 B.R. 416, 423 (9th Cir. BAP 2011) (citing First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006)).

## V.   DISCUSSION

**A.   The Legal Principles Governing Bankruptcy Claims**

The Bankruptcy Code and Rules govern the requirements for the filing and allowance of proofs of claim.  In a chapter 13 case, the trustee may only make distributions "to creditors whose claims have been allowed."  See Rule 3021.

To be allowed, the claim must first be filed under § 501. Section 501(a) provides that any creditor may file a proof of claim.  Section 501(c) provides that "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."  "A proof of claim is a written statement setting forth a creditor's claim." Rule 3001(a).

If the claim meets the requirements of § 501, the bankruptcy court must then determine whether the claim should be allowed.  Section 502(a) provides that a claim is deemed allowed unless a party in interest objects.  If such an objection is made, the court shall allow such claim "except to the extent that the proof of claim is not timely filed."  See § 502(a)(9).

Rules 3002 and 3004 implement the provisions of §§ 501 and 502.  If an unsecured creditor's claim is to be allowed in a chapter 13 case, a proof of claim must be filed.  See Rule 3002(a).  In chapter 13, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a).  See Rule 3002(c).  If a creditor fails to file a claim within the time periods prescribed, then the debtor (or trustee) may file a claim on the creditor's behalf within 30 days of the expiration

-6-

of the creditor's bar date. See Rule 3004.[4]

Finally, Rule 9006, in conjunction with Rule 3002(c), precludes the filing of an untimely proof of claim in chapter 7 and chapter 13 cases, except in very limited circumstances.[5]

**B.    The Bankruptcy Court's Equitable Power To Enlarge The Time for Filing A Proof of Claim Is Limited**

There is no dispute that SLECU failed to timely file its proofs of claim by the January 8, 2013 bar date. Citing Gardenhire v. IRS (In re Gardenhire), 209 F.3d 1145, 1148 (9th Cir. 2000), SLECU acknowledges in its opening brief that the claims bar date is a "rigid deadline" and that late-filed general unsecured claims are disallowed. To be sure, the bankruptcy court lacks any equitable power to enlarge the time for filing a proof of claim unless one of the six situations in Rule 3002(c) exists. None apply to this case. See In re Gardenhire, 209 F.3d at 1148 ("Our precedents support the conclusion that a bankruptcy court lacks equitable discretion to enlarge the time to file proofs of claim; rather, it may only

---

[4] Rule 3004 states:

If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee.

[5] Rule 9006(b)(3) provides:

The court may enlarge the time for taking action under Rules . . . 3002(c), . . . only to the extent and under the conditions stated in those rules. . . .

enlarge the filing time pursuant to the exceptions set forth in the Bankruptcy Code and Rules.") (citing In re Osborne, 76 F.3d 306 (9th Cir. 1996), In re Tomlan, 907 F.2d 114 (9th Cir. 1990) and Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.), 920 F.2d 1428, 1432-33 (9th Cir. 1990)). SLECU's attempt to distinguish Gardenhire and Osborne on their facts is unpersuasive because the rule of law stated in those cases applies with equal force to this case.

To the extent SLECU argues that excusable neglect is a basis for enlarging the time for filing a proof of claim, that argument has no merit.[6] The excusable neglect standard set forth in Rule 9006(b)(3) does not apply to permit the court to extend the time for filing a proof of claim under Rule 3002(c). In re Coastal Alaska Lines, Inc., 920 F.2d at 1432-33. Therefore, under Rule 3002(c), a proof of claim must be disallowed if it is untimely. Because SLECU had actual notice of debtor's bankruptcy case in time to file a proof of claim by the claims bar date, the bankruptcy court properly found that its proofs of claims were time-barred.

**C.    The Informal Proof of Claim Doctrine Does Not Apply**

To avoid disallowance, SLECU argues that its late-filed

---

[6] SLECU simply mentions excusable neglect as a reason why courts accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control and cites Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). SLECU did not argue excusable neglect in the bankruptcy court and the bankruptcy court did not mention it. However, we may consider for the first time on appeal issues of law when the relevant facts are undisputed and/or the factual record has been fully developed. See Vasquez v. Holder, 602 F.3d 1003, 1010 n.6 (9th Cir. 2010).

proofs of claim should be deemed timely under the informal proof of claim doctrine because debtor listed it as a creditor with an undisputed and liquidated claim in her Schedules D and F. The informal proof of claim doctrine is rooted in the policy favoring liberal amendments to creditors' proofs of claim so that the late-filed formal claim relates back to previously filed informal claim. In re Holm, 931 F.2d at 622.

The Ninth Circuit has articulated various tests for determining whether a document constitutes an informal proof of claim. Early on, in Perry v. Certificate Holders of Thrift Sav., 320 F.2d 584 (9th Cir. 1963), the court held that "there must have been presented, within the time limit, by or on behalf of the creditor, some written instrument which brings to the attention of the court the nature and amount of the claim." Id. at 590. This Panel has interpreted the Perry test to include five requirements: (1) presentment of a writing; (2) within the time for the filing of claims; (3) by or on behalf of the creditor; (4) bringing to the attention of the court; (5) the nature and amount of a claim asserted against the estate. In re Fish, 456 B.R. at 417 (citing Dicker v. Dye (In re Edelman), 237 B.R. 146, 155 (9th Cir. BAP 1999)).

In Cnty. of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.), 597 F.2d 181, 182 (9th Cir. 1979), the Ninth Circuit recited the Perry test, but also refined it, noting: "'Whether formal or informal, a claim must show . . . that a demand is made against the estate, and must show the creditor's intention to hold the estate liable.'" Several years later in Sambo's Rests., Inc. v. Wheeler

(In re Sambo's Rests., Inc.), 754 F.2d 811 (9th Cir. 1985), the Ninth Circuit did not mention the Perry test at all, but relied on its previous statement in Franciscan Vineyards to hold: "For a document to constitute an informal proof of claim, it must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." Id. at 815.

In this case, the only "writing" SLECU relies upon for application of the informal proof of claim doctrine is debtor's Schedules D and F. However, the mere scheduling of a debt by a debtor does not pass any test in the Ninth Circuit for an informal proof of claim. Under the Sambo's Rests. test, the scheduling of a debt does not constitute an "explicit demand" by SLECU. Stating a demand does not mean the debtor giving mere notice (such as on the schedules), but also requires a showing that the creditor intends to hold the estate liable. In re Sambo's Rests., Inc., 754 F.2d at 815; see also United States v. Int'l Horizons, Inc. (In re Int'l Horizons), Inc., 751 F.2d 1213, 1217 (11th Cir. 1985). Accordingly, debtor's scheduling of the debt cannot reasonably be construed as evidence of SLECU's intent to pursue its claims.

The scheduling of a debt also does not meet all the requirements under the Perry test. In the order disallowing SLECU's claims, the bankruptcy court found that debtor's schedules "are not statements of the creditor." SLECU contends that the informal proof of claim need not be filed by the creditor. This statement is only partially correct. Under the Perry test, the writing must be presented "by or on behalf of

-10-

the creditor." Obviously it was the debtor, not SLECU, who filed the schedules. Further, although a debtor may file a proof of claim on behalf of a creditor under § 501 and Rule 3004, that filing must occur <u>after</u> the bar date. <u>See</u> Rule 3004. Here, debtor filed her schedules well before the bar date and thus it is unreasonable to conclude that the schedules constituted an informal proof of claim filed on SLECU's behalf pursuant to Rule 3004. Therefore, because the schedules were not presented "by or on behalf of" SLECU, this element of the <u>Perry</u> test is not met.[7]

More to the point, the relationship between the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, which together lay the foundation for the disallowance of late-filed claims in chapter 13 cases, also demonstrates that the scheduling of a debt standing alone does not equate to the filing of a proof of claim pursuant to § 501.

> Otherwise, there would in effect be no claims deadline (all subsequently filed proofs of claim relating back to the informal, scheduled claims), and the Bankruptcy Rule requiring the filing of proofs of claim in Chapter [13] cases (Rule 3002) would have no meaning.

<u>In re Crawford</u>, 135 B.R. 128, 132 (D. Kan. 1991).

SLECU cites several cases in its opening brief for the proposition that the listing of claims in a debtor's schedules amounts to an informal proof of claim. But these cases actually

---

[7] The schedules could reasonably be construed as meeting the other four elements of the <u>Perry</u> test: The schedules constitute a writing filed prior to the bar date, and the listing of the debt as undisputed and liquidated is arguably enough to show the nature and the amount of the claim asserted against the estate and bring it to the attention of the court.

-11-

require more. Although the scheduling of a debt is not itself an informal proof of claim, one may be found when the schedules combine with other documents or evidence of the creditor's intent to pursue the claim.

For example, in Scottsville Nat'l Bank v. Gilmer, 37 F.2d 227, 229 (4th Cir. 1930), the Fourth Circuit reversed the district court's decision disallowing a late-filed claim by the bank:

> In the case presented here the debt due appellant bank was listed in the schedule filed by the bankrupt, and appears in the record. The letter of the trustee to the bank and the bank's answer thereto, which must be read together, show clearly that both the trustee and bank treated the bank's claim as valid as against the bankrupt estate; the trustee conferred with the officers and the attorney for the bank frequently with regard to matters connected with the estate; the president of the bank knew that the bank's debt was included in the schedule filed by the bankrupt; and it is admitted by the trustee that through the effort of the bank the value of bankrupt's estate was increased at least 50 per cent. All these things lead to the conclusion that there was sufficient in the record to justify the permission to the bank to file an amended claim at the time it presented same for filing, and that the action of the referee in allowing said filing was right.

Id. (emphasis added). Thus, besides being listed in the debtor's schedules, there was far more in the record to support allowance of the late-filed claim.

In In re Clapp, 57 B.R. 921 (Bankr. D. Minn. 1986), although creditor was listed in the debtor's schedules, the debtor sought to disallow the creditor's claim in its entirety because the creditor did not file a formal proof of claim by the bar date. In allowing the creditor's claim, the bankruptcy court found that it "clearly and frequently asserted its intention to pursue its claim," by writing letters to the

-12-

debtor's attorney and having its officer appointed to the Unsecured Creditors Committee prior to the bar date.

In In re Hart Ski Mfg. Co., Inc., 5 B.R. 326, 327 (Bankr. D. Minn. 1980), the bankruptcy court stated that the bar date "does not apply to claims clearly and sufficiently asserted within the filing period set." Id. at 328. "'[I]f there is upon the record in the bankruptcy proceedings' within the time limitations, 'anything sufficient to show the existence, nature and amount of a claim, it may be amended even after the expiration of the period.'" Id. There, the creditor was listed in the debtor's schedules, but the court also found that the creditor had continually asserted its claims in various pleadings filed in the case.

Finally, in Dresser Indust., Inc. v. Rite Autotronics Corp. (In re Rite Autotronics Corp.), 27 B.R. 599 (9th Cir. BAP 1982) the court recognized an amendable claim, in the absence of the timely filing of a formal "Proof of Claim," where the debtor listed a creditor in its petition and the creditor later participated on a creditor's committee despite the fact there was no writing. The Panel later limited the holding in Rite Autotronics to its facts because there was no writing and the case was filed under chapter 11. See Lees-Carney & Co. v. Morrow (In re Kenitra, Inc.), 64 B.R. 841, 842 (9th Cir. BAP 1986). Indeed, in chapter 11, § 1111(a) provides that a proof of claim is deemed filed under § 501 when it appears in the schedules, except when it is scheduled as disputed, contingent, or unliquidated. There is no parallel statute in the context of chapter 13. Thus, well-settled statutory construction

-13-

principles point away from construing the mere listing of an undisputed debt in a chapter 13 debtor's schedules as an informal proof of claim. See Griffith v. United States (In re Griffith), 206 F.3d 1389, 1394 (11th Cir. 2000) ("where Congress knows how to say something but chooses not to, its silence is controlling").

In the end, none of these cases help SLECU's position. The schedules here do not combine with other documents or evidence of SLECU's intent to pursue the claims. In sum, we hold that the scheduling of a debt does not by itself constitute an informal proof of claim. Therefore, the bankruptcy court properly disallowed SLECU's proofs of claims as time-barred.

## C.    The Judicial Admissions Doctrine Does Not Apply

SLECU also relies on the judicial admissions doctrine to support allowance of its claims. Its argument goes like this: Creditor failed to timely file a proof of claim; debtor listed the debts in her schedules; under the doctrine of judicial admissions, debtor is bound by this listing; ergo, the listing functions as if the creditor had timely filed the proofs of claim under Rule 3002(c) or 3003(c).[8] To recognize this argument would allow through the back door what SLECU cannot accomplish through the front door — the mere scheduling of a debt to constitute an informal proof of claim. This would circumvent not only the requirements for an informal proof of claim under Ninth Circuit case law, but would also render

---

[8] SLECU's citation to Rule 3003(c) is puzzling. That rule applies only in chapter 9 and 11 cases.

-14-

Rule 3002(c) essentially meaningless.

## VI. CONCLUSION

For the reasons stated, SLECU's late-filed proofs of claim have nothing to relate back to. Accordingly, we AFFIRM the bankruptcy court's order disallowing SLECU's proofs of claim.[9]

---

[9] Although proof of claim no. 6 is disallowed, the underlying lien (to the extent one exists) is not extinguished by the mere fact of disallowance.